UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT<br>Route 6<br>North Eastham, MA 02651<br><br>and<br><br>DONNA RUSSELL KNIGHT<br>D/B/A/ THE GLASS EYE GALLERY<br>Route 6<br>North Eastham, MA 02651<br><br>and<br><br>CHARLES COLE<br>784 Pike Road<br>Marshfield, VT 05658<br><br>and<br><br>VIIU NIILER<br>784 Pike Road<br>Marshfield, VT 05658<br><br>and<br><br>COUNTRY GLASS SHOP<br>784 Pike Road<br>Marshfield, VT 05658<br><br>         Plaintiffs<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br>Serve: Charles G. Bilezikian<br>88 Mill Lane<br>Yarmouthport, MA 02675<br><br>         Defendant | 04 12698 JLT<br><br>RECEIPT #_____<br>AMOUNT $_____<br>SUMMONS ISSUED_____<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK._____<br>DATE_____<br><br>CASE NO.<br><br>MAGISTRATE JUDGE JGD |

**COMPLAINT FOR COMPENSATORY, INJUNCTIVE AND PUNITIVE RELIEF;
JURY TRIAL DEMANDED**

**I.**

**Nature of the Case**

1. This is an action for trade dress infringement, unfair competition and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).

1

## II.

## Jurisdiction

2. Jurisdiction is conferred on this court by 28 U.S.C. §1331 (federal questions), §1337 (copyrights) and 18 U.S.C. §1964 (RICO).

## III.

## Parties

3. John Knight is a resident of the State of Massachusetts.

4. Donna Russell Knight is the sole proprietor of The Glass Eye Gallery.

5. Charles Cole and Viiu Niiler are residents of the States of Vermont. Together they own and operate the Country Glass Shop as a partnership.

6. Christmas Tree Shops, Inc. is a Massachusetts Corporation.

## IV.

## Factual Allegations

7. Christmas Tree Shops, Inc. is in the business of copying the work of others, particularly crafts makers in New England, and has the imitations made in China and selling the products for a small fraction of the original price.

8. John Knight designed and makes by hand a wall sconce that was copied by Christmas Tree Shops, Inc. Christmas Tree Shops sells the infringing wall sconce as EJD418and 000013-59565-4.

9. Donna Russell Knight operates The Glass Eye Gallery on Cape Cod. She sells John Knight's glass creations as well as those by others including glass products made by Country Glass Shop.

10. Charles Cole and Vii Niiler design and make glass products in Vermont. They designed a blue glass dish with a Nantucket basket of hydrangea. Christmas Tree Shops, Inc. copied this work in China and sells it for $1.69 under product number EAN 1474, 000013601904.

11. All of plaintiffs' products, and all parts thereof, are made in the United States of America.

12. Without the consent or approval of plaintiffs, the defendant wrongfully and willfully misappropriated, sold and distributed unauthorized imported duplications of the plaintiffs' work.

13. Defendant had the infringing products made for it in China by workers who are not paid decent wages, workers who live under slave-like conditions, by employees of the People's Liberation Army and by prison workers.

14. Defendant's misappropriation of plaintiffs' designs and products constitute an unfair act and unfair method of competition as well as theft.

## V.

### First Cause of Action: Violations of Section 43(a) of the Lanham Act

### (Trade Dress)

15. Plaintiffs incorporate by reference paragraphs one through 14, inclusive.

16. John Knight's sconce has the following characteristics:

   a. Size;

   b. Shape;

   c. Made with opalescent glass;

   d. Includes textured soldering on a metal frame;

   e. Hanging ring;

   f. Uses three pieces of glass of unique shapes.

17. The Country Glass Shop has the following characteristics to the trade dress of its grape plate:

   a. Size (approximately 8 ¾ inches in diameter);

   b. Color (cobalt blue);

   c. Design of hydrangea in a Nantucket basket;

   d. Single hole at top for hanging;

   e. Texture.

18. Plaintiffs' products have secondary meaning. Consumers and retail stores recognize the plaintiffs as the source of products that have been copied by defendant.

19. Defendant's copies of plaintiffs' products causes confusion to consumers and retailers and constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

20. As a direct and proximate result of this infringement, plaintiffs have suffered injury to their reputation and a loss of income.

## VI.

### Second Cause of Action:  Unfair Competition

21. Plaintiffs incorporate by reference paragraphs one through 20, inclusive.

22. Without the consent or approval of plaintiffs, defendant wrongfully misappropriated, sold and distributed unauthorized duplications of the plaintiffs' designs.

23. Defendant's copies are inferior to plaintiffs' work in craftsmanship and appearance, but have virtually identical shapes and designs to plaintiffs' designs.

24. Stores selling plaintiffs' designs, and consumers, have been confused by defendant's products, believing that the plaintiffs were the source of the illegal copies.

25. As a direct and proximate result of this unauthorized copying, plaintiffs have suffered injury to its reputation and a loss of income.

## VII.

### Third Cause of Action:
### For Violations Of Sections 1962(c) And (d) Of RICO

26. Plaintiffs restate and incorporate herein by reference ¶¶1-25 of this complaint.

27. This claim arises under §1964(c) of RICO and plaintiffs seek to recover actual and treble damages based upon defendant violations of 18 U.S.C. §1962(c)-(d), as described more fully below.

28. At all times relevant hereto, the plaintiffs and the defendant constituted a "person" within the meaning of 18 U.S.C. §1961(3).

29. Defendant is engaged in interstate acts of commerce and the acts alleged herein have a demonstrable effect on interstate commerce.

30. Section 1961(4) of RICO defines the term "enterprise" to include "any individual,

4

partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).

31. At all times relevant hereto, pursuant to the numerous agreements that were negotiated and executed between the defendant and Chinese suppliers as well as through their course of conduct, the defendant and Chinese suppliers have formed a series of association-in-fact enterprises within the meaning of 18 U.S.C. §1961(4) for the purpose of committing numerous acts of racketeering activity, including importation of products made by slave and prison labor in violation of 19 U.S.C. §1307. These enterprises are identified as follows:

> the Peoples Liberation Army of China (PLA);
> Departments of the Government of the People's Republic of China; and
> other Chinese suppliers.

32. Defendant has engaged in a pattern of racketeering activity, as defined in §1961(5) of RICO, by committing and/or aiding and abetting at least two such acts of racketeering activity within the past 10 years. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including plaintiffs.

33. Defendant has stolen the copyrights and trade dress rights of the Cheryl Hannant and the Candle Factory.

34. Defendant has stolen from Stained Glass Designs the copyright and trade dress rights.

35. Defendant has stolen the copyrights and trade dress rights of many other crafts makers.

36. Section 1961(1) of RICO provides that a "person" commits and act of "racketeering activity" by engaging in (a) "any act or threat involving ... robbery ... which is chargeable under State law and punishable by imprisonment for more than one year," 18 U.S.C. §1961(1)(A), and/or (b) "any act which is indictable under" any of a number of provisions of Title 18, U.S. Code, 18 U.S.C. §1961(1)(B).

37. Defendant has either engaged in and/or aided and abetted predicate acts of racketeering activity in violation of state and federal law.

38. In addition to the defendant's acts as alleged herein, it also committed the following predicate acts:

> (a) Theft, ("A person commits the offense of theft if he or she unlawfully takes, uses or consumes the property or services of another with intent to permanently deprive the owner of his or her rights to the property or services."). As alleged herein, the defendant and/or its agents took and used the copyrights and trademarks of plaintiffs with the intent to permanently deprive them of remuneration for those services.
>
> (b) Theft of Services, ("A person commits theft if he or she purposely obtains services which the person knows are available only for compensation, by deception or threat, or by false token or other means to avoid payment for the service."). As alleged herein, the defendant and/or its agents purposely obtained the services of plaintiffs which the defendant and/or its agents knew were available only for fair compensation by deception or by other means of avoiding payment.
>
> (c) Receiving Stolen Property, ("A person commits theft if he or she purposely receives, retains, or disposes of property of another knowing that it has been stolen, or having reasonable cause to believe under all of the circumstances that it has probably been stolen"). As alleged herein, the defendant and/or its agents knowingly received the stolen services of plaintiffs.
>
> (d) Copyright Infringement.

39. By either knowingly, recklessly disregarding or reasonably being in a position to know the facts underlying the acts of racketeering activity as described above committed by the defendant and/or its agents, but neither preventing nor reporting said conduct and, in fact, profiting thereby.

40. The multiple acts of racketeering activity committed and/or aided and abetted by

defendant, as described above, were related to each other and amounted to or posed a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5).

41. In violation of 18 U.S.C. §1962(c), the defendant conducted or participated, either directly or indirectly, in the conduct of each of the above-referenced enterprises' affairs through a pattern of racketeering activity, as described above.

42. Defendant, and its co-conspirators, who are not named in this laim, agreed and conspired amongst each other to conduct or participated, directly or indirectly, in the conduct of the above-referenced enterprises' affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d).

43. As a direct and proximate result of defendant's violations of 18 U.S.C. §§1962(c) and (d), plaintiffs have been injured in their business or property. Pursuant to 18 U.S.C. §1964(c), plaintiffs are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

44. Defendant's violations of the federal and state law detailed above and the effects thereof are continuing and will continue unless injunctive relief prohibiting defendant's illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

### VIII.

### Fourth Cause of Action
### Violations Of Sections 1962(a) And (d) Of RICO

45. Plaintiffs incorporate herein by reference ¶¶1-44 of this complaint.

46. This claim for relief arises under §1964(c) of RICO and seeks to recover actual and treble damages based on defendant's violations of §1962(a) and (d) of RICO.

47. In violation of §1962(a) and (d) of RICO, defendant conspired to derive, and did derive, substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest, and used or invested, such proceeds in the operation of the association-in-fact enterprises detailed in above.

48. As a direct and proximate result of defendant's violations of §1962(a) and (d) of RICO, plaintiffs have been injured in their business or property. Pursuant to §1964(c) of RICO, plaintiffs are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

49. Defendant's violations of the federal and state law detailed above, and the effects thereof are continuing and will continue unless injunctive relief prohibiting plaintiff's illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

50. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiffs, in an improper motive amounting to malice, in conscious disregard of plaintiffs' rights. Plaintiffs are thus also entitled to recover exemplary damages from defendant in an amount to be established at trial but relating to the total monies obtained by defendant as a result of their participation in this illegal and oppressive scheme.

## IX.

### Fifth Cause of Action: For Declaratory And Injunctive Relief

51. Plaintiffs incorporate herein by reference ¶¶1-50 of this complaint.

52. Based upon the facts alleged above, there is the existence of an actual controversy relating to the legal rights and duties of the respective parties.

53. Plaintiffs have performed all promises, covenants and conditions required on their part to be performed.

54. Accordingly, plaintiffs request that the following judicial declarations, determinations and/or injunctive relief either be granted or made with regard to the rights of plaintiffs and the responsibilities of plaintiff.

55. Absent issuance of such an order, plaintiffs will be irreparably harmed and do not possess an adequate remedy at law.

## X.

### Prayer for Relief

WHEREFORE, plaintiffs respectfully pray that this Court

A. Grant temporary, preliminary and/or permanent injunction enjoining and restraining plaintiff from continuing the practices set forth above, including enjoining defendant's sale and distribution of copies of plaintiffs' copyrighted and trademarked goods;

B. Order defendant to cease and desist from selling, displaying, distributing and advertising the offending products during the pendency of this matter and permanently thereafter;

C. Seize from defendant all of the offending products;

D. Exclude the offending products from the United States during the pendency of this matter and permanently thereafter;

E. Award compensatory and special damages of twenty million dollars ($20,000,000.00);

F. Award treble damages sustained by plaintiffs for defendant's violations of RICO;

G. Award punitive and exemplary damages of one hundred million dollars ($100,000,000.00)

H. Award pre- and post- judgment interest;

I. Award reasonable attorneys' fees and costs; and

J. Order such other and further relief as the Court deems just and proper.

---
JOEL D. JOSEPH, ESQUIRE
JOSEPH & ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814
(301) 941-1989

---
DANIEL E. CHAIKA, ESQUIRE   BBO#551830
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, RI 02910
(401) 941-5070
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury.

_____
DANIEL E. CHAIKA, ESQUIRE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Knight, Donna Russell Knight d/b/a The Glass Eye Gallery, Charles Cole, Viiu Niiler and Country Glass Shop

### DEFENDANTS
Christmas Tree Shops, Inc.

(b) County of Residence of First Listed Plaintiff: Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel E. Chaika, Esq., Chaika & Chaika, 30 Rolfe Sq., Cranston, RI 02910 (401-941-5070)

Attorneys (If Known): 04 12698 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC §1961 et. seq.
Brief description of cause: Defendant's numerous violations of the Lanham Act which constitute a pattern of racketeering activity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 160,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
NONE
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 12/23/4
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) John Knight et als vs. Christmas Tree Shops, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [X] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   04 12698 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   DANIEL E. CHAIKA, ESQUIRE
ADDRESS   CHAIKA & CHAIKA, 30 ROLFE SQUARE, CRANSTON, RI 02910
TELEPHONE NO.   (401) 941-5070

(Coversheetlocal.wpd - 10/17/02)