IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN KNIGHT, DONNA RUSSELL )
KNIGHT, CHARLES COLE, VIIU )
NIILER, AND COUNTRY GLASS )
SHOP, )
)
Plaintiffs, )
) Case No. 04 12698 JLT
v. )
)
CHRISTMAS TREE SHOPS, INC., )
)
Defendant. )

## DEFENDANT CHRISTMAS TREE SHOPS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Christmas Tree Shops, Inc. ("CTS"), by and through its counsel, answers the Complaint of John Knight, Donna Russell Knight, Charles Cole, Viiu Niiler, and Country Glass Shop ("Plaintiffs") as follows.

### AS TO "NATURE OF THE CASE"

1. Paragraph 1 is a description of the action and merits no response.

### AS TO "JURISDICTION"

2. Denied to the extent that no jurisdiction is conferred on this Court by 28 U.S.C. § 1337, because plaintiffs have not sought to bring any copyright claims against CTS.

### AS TO "PARTIES"

3. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of paragraph 3, and plaintiffs are left to their proof thereof.

4. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of paragraph 4, and plaintiffs are left to their proof thereof.

5. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, and plaintiffs are left to their proof thereof.

6. Admitted.

## AS TO "FACTUAL ALLEGATIONS"

7. CTS admits that it is in the business of selling products for a lower price than may be charged by other vendors for similar items. Except as so admitted, the allegations of paragraph 7 are denied.

8. CTS denies that it copied the wall sconce described at paragraph 8. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of paragraph 8, and plaintiffs are left to their proof thereof. CTS admits that it sells product number EJD418 / 0-00013-59565-4. Except as so admitted, the remaining allegations of paragraph 8 are denied.

9. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of paragraph 9, and plaintiffs are left to their proof thereof.

10. CTS denies that it copied the glass dish described at paragraph 10. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first two sentences of paragraph 10, and

plaintiffs are left to their proof thereof. CTS admits that it sold a Glass Basket Plate, made in China, sold at a cost of $1.69, under product number EAN1474 / 0-00013-60190-4. Except as so admitted, the remaining allegations of paragraph 10 are denied.

11. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of paragraph 11, and plaintiffs are left to their proofs thereof.

12. CTS denies the allegations of paragraph 12.

13. CTS denies the allegations of paragraph 13.

14. CTS denies the allegations of paragraph 14.

### AS TO "FIRST CAUSE OF ACTION"
(Violations of Section 43(a) of the Lanham Act)

15. Paragraph 15 incorporates by reference paragraphs one through fourteen, inclusive, and merits no further response.

16. CTS admits that plaintiffs' product has a size and a shape, but denies all remaining allegations contained in paragraph 16.

17. CTS admits that plaintiffs' product has a size and a color, but denies all remaining allegations contained in paragraph 17, including the specific size and color characteristics identified in paragraphs 17(a)-(b).

18. CTS denies the allegations of paragraph 18.

19. CTS denies the allegations of paragraph 19.

20. CTS denies the allegations of paragraph 20.

3

## AS TO "SECOND CAUSE OF ACTION"
### (Unfair Competition)

21. Paragraph 21 incorporates by reference paragraphs one through twenty, inclusive, and merits no further response.

22. CTS denies the allegations of paragraph 22.

23. CTS denies that its products are copies of those belonging to plaintiffs, and further denies that the products referenced are "virtually identical." CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 23, and plaintiffs are left to their proof thereof.

24. CTS denies the allegations of paragraph 24.

25. CTS denies the allegations of paragraph 25.

## AS TO "THIRD CAUSE OF ACTION"
### (Violations of Sections 1962(c) and (d) of RICO)

26-44. CTS respectfully submits that Paragraphs 26 through 44 fail to state a claim on which relief may be granted, and refers the Court to <u>Defendant Christmas Tree Shops, Inc.'s Motion to Dismiss The Third and Fourth Counts of Plaintiffs' Complaint</u> ("Motion to Dismiss") (filed herewith).

## AS TO "FOURTH CAUSE OF ACTION"
### (Violations of Sections 1962(a) and (d) of RICO)

45-50. CTS respectfully submits that Paragraphs 45 through 50 fail to state a claim on which relief may be granted, and refers the Court to the accompanying Motion to Dismiss.

4

## AS TO "FIFTH CAUSE OF ACTION"
### (For Declaratory and Injunctive Relief)

51. Paragraph 51 incorporates by reference paragraphs one through fifty, and merits no further response.

52. CTS denies the allegations of paragraph 52.

53. CTS denies the allegations of paragraph 53.

54. Paragraph 54 states the plaintiffs' request for relief and merits no response.

55. CTS denies the allegations of paragraph 55.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by at least one of the doctrines of unclean hands, laches, estoppel, and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiffs have failed to mitigate any damage that they have allegedly sustained, any recovery against CTS must be reduced by that amount.

## FOURTH AFFIRMATIVE DEFENSE

CTS has not committed any actions constituting an unfair act, unfair competition, false designation of origin, false description, misappropriation, theft, theft of services, receiving stolen property, copyright infringement, or infringement of any valid rights plaintiffs may currently have.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' asserted "trade dress" is not entitled to protection because plaintiffs' products have not achieved secondary meaning in the marketplace.

## SIXTH AFFIRMATIVE DEFENSE

There is no actual confusion or likelihood of confusion in the marketplace as to the source and/or sponsorship of CTS's products and plaintiffs' products.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are not well grounded in fact or law, and/or are asserted for an improper purpose, and CTS reserves the right to seek and award of costs and counsel fees based thereon.

## EIGHTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred in whole or in part by the applicable statute of limitations.

CHRISTMAS TREE SHOPS, INC.

By its attorneys

_____
Peter A. Biagetti, Esq.
Carrie Kei Heim, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC
One Financial Center
Boston, MA 02111
Tel. 617-542-6000
Fax 617-542-2241

Dated: May 4, 2005

## CERTIFICATE OF SERVICE

I, Peter A. Biagetti, hereby certify that a true and exact copy of Defendant Christmas Tree Shops, Inc.'s Answer to Plaintiffs' Complaint, dated May 4, 2005, has been served by fax and mail on attorney for plaintiffs as follows:

Joel Joseph, Esq.
7272 Wisconsin Avenue #300
Bethesda MD 20814
Fax: 240-209-4000

Dated: May 4, 2005                                Peter A. Biagetti, Esq.

LIT 1508804v3