IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, AND COUNTRY GLASS SHOP,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>Defendant. | Case No. 04 12698 JLT |

**DEFENDANT CHRISTMAS TREE SHOPS, INC.'S MOTION TO DISMISS THE THIRD AND FOURTH COUNTS OF PLAINTIFFS' COMPLAINT AND REQUEST FOR ORAL ARGUMENT**

Defendant Christmas Tree Shops, Inc. ("CTS") respectfully moves this Court to dismiss with prejudice the Third and Fourth Counts of Plaintiffs' Complaint, in which Plaintiffs attempt to state claims arising out of violations of the Racketeer Influenced and Corrupt Organizations Act, specifically 18 U.S.C. §§ 1962(a), (c), and (d) ("RICO"). As set forth more fully in the accompanying Memorandum of Law, these Counts do not -- and on the facts alleged cannot -- state a claim upon which relief may be granted. Specifically:

1. Plaintiffs have failed to plead an "association-in-fact enterprise" by failing to allege that CTS was part of an ongoing organization functioning as a continuing unit separate and apart from the alleged pattern of racketeering, and further failing to specifically allege that CTS participated in the operation or management of the so-called enterprise with the necessary degree of direction;

2. Plaintiffs have failed to plead the existence of "predicate acts," setting forth three acts that cannot qualify as predicate acts because they are not enumerated under 18 U.S.C. § 1962(1)(B), and further claiming copyright infringement as a predicate act but failing to allege the ownership or existence of a valid copyright;

3. Plaintiffs have failed to plead "pattern" by failing to establish the existence of separate predicate acts, instead attempting to divide one or two isolated incidents into a series of racketeering activities;

4. Plaintiffs have failed to plead that they were harmed by the "use or investment" of any racketeering proceeds under 18 U.S.C. § 1962(a), and have instead merely realleged their purported acts of racketeering in the guise of a separate violation; and

5. Plaintiffs have failed to plead conspiracy in violation of 18 U.S.C. § 1962(d), in that they have failed to allege a violation of either 18 U.S.C. § 1962(a) or (c), as outlined above.

WHEREFORE, defendant Christmas Tree Shops, Inc. respectfully moves this Court to dismiss with prejudice plaintiffs' RICO claims, and to award any other relief as is just and equitable.

### REQUEST FOR ORAL ARGUMENT

Defendant Christmas Tree Shops, Inc. believes that oral argument may assist the Court and, therefore, respectfully requests a hearing on this matter.

Respectfully submitted,

CHRISTMAS TREE SHOPS, INC.
By its attorneys:

*[signature]*

Peter A. Biagetti, Esq.
Carrie Kei Heim, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241

## CERTIFICATE OF SERVICE

I, Peter A. Biagetti, hereby certify that a true and exact copy of Defendant Christmas Tree Shops, Inc.'s Motion to Dismiss the Third and Fourth Counts of Plaintiffs' Complaint and Request for Oral Argument, dated May 4, 2005, has been served by fax and mail on attorney for plaintiffs as follows:

    Joel Joseph, Esq.
    7272 Wisconsin Avenue #300
    Bethesda MD 20814
    Fax: 240-209-4000

Dated: May 4, 2005                                    Peter A. Biagetti, Esq.

LIT 1518083v2