**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
                                )
JOHN KNIGHT, DONNA RUSSELL       )
KNIGHT, CHARLES COLE, VIIU       )
NIILER, AND COUNTRY GLASS        )
SHOP,                            )
                                 )
        Plaintiffs,              )
                                 )
v.                               )        Case No. 04 12698 JLT
                                 )
CHRISTMAS TREE SHOPS, INC.       )
                                 )
        Defendant.               )
_____ )
```

## JOINT SCHEDULING STATEMENT

Pursuant to Local Rule 16.1(D) Plaintiffs and Defendant, through their attorneys, submit this Joint Scheduling Statement.

**Description of the Case**

The Complaint in this case alleges claims for trade dress infringement, unfair competition, and RICO violations. Defendant denies all of these claims, and has filed a motion to dismiss the RICO claims.

**Agenda for Scheduling Conference**

The parties agree on the following agenda for the scheduling conference:

1. Oral Argument on Pending Motions: Defendant currently has two motions pending before the Court: (1) a Motion to Dismiss the Third and Fourth Counts of Plaintiffs' Complaint, and (2) a Motion for a Limited Stay of Discovery Until Resolution of Its Motion to Dismiss the Third and Fourth Counts of Plaintiffs' Complaint;

2. Discussion and/or resolution of the different positions, described in this Statement, that the parties take regarding Alternative Dispute Resolution, Assignment to a Magistrate Judge, and the scope of Discovery; and

3. Discussion of the proposed schedule for discovery and dispositive motions.

**Alternative Dispute Resolution**

Plaintiffs' Position:  Plaintiffs are willing to submit to mediation.

Defendant's Position:  Defendant is willing to submit to mediation only after the dismissal or withdrawal of the Third and Fourth Counts of Plaintiffs' Complaint.

**Assignment to a Magistrate**

Plaintiffs' Position:  Plaintiffs do not consent to this case proceeding before a United States Magistrate for trial or dispositive motions.

Defendant's Position:  Defendant consents to this case proceeding before a United States Magistrate for trial and dispositive motions.

**Scope of Discovery**

The parties anticipate that they will propound written discovery, including document production requests, interrogatories, requests for admissions, and take depositions.

Plaintiffs' Position:  Plaintiffs do not believe there is any need for a discovery limitation.

Defendant's Position:  Defendant's position is that discovery in this action relating to the Third and Fourth Counts of Plaintiffs' Complaint, which allege RICO claims under 18 U.S.C. § 1962(a), (c) & (d), should be stayed until the Motion to Dismiss these Counts brought by Defendant has been resolved.

Specifically, Defendant requests that all discovery be stayed as to these two Counts, including discovery relating to:

(a)    any alleged infiltration of, conspiracy with, or association between Defendant and the People's Liberation Army of China, the People's Republic of China, and "other" Chinese Suppliers (<u>see</u> Complaint ¶31);

(b)    any alleged predicate acts relating to any alleged infringement or theft of copyright and trade dress belonging to Cheryl Hannant, the Candle Factory, Stained Glass Designs, and the "many other crafts makers" referenced in ¶35 of the Complaint (<u>see</u> Complaint ¶¶33-35); and

(c)    any alleged harm due to the investment of racketeering proceeds in the People's Liberation Army of China, the People's Republic of China, and "other" Chinese Suppliers (<u>see</u> Complaint ¶47).

A ruling in favor of Defendant on its pending Motion to Dismiss would obviate the need for any discovery on the racketeering claims alleged in the Third and Fourth Counts of Plaintiffs' Complaint.  Accordingly, to conserve the resources of both the parties and this Court, Defendant takes the position that discovery in this action should be limited to the issues alleged in the First and Second Counts of the Complaint -- trade dress and unfair competition -- pending the outcome of its Motion to Dismiss.

## Proposed Schedule for Discovery and Dispositive Motions

The parties have agreed to the following pre-trial schedule:

Any motions to amend the
Complaint, or join additional parties………………………………..June 30, 2005

Fact discovery cut-off………………………………………………November 30, 2005

Expert reports due………………………………………………...January 12, 2006

Expert witness discovery cut-off…………………………………January 30, 2006

Rebuttal expert reports due………………………………………February 28, 2006

Dispositive motions due…………………………………………March 31, 2006

Respectfully submitted,

PLAINTIFFS

JOHN KNIGHT, DONNA RUSSELL
KNIGHT, CHARLES COLE, VIIU
NIILER, AND COUNTRY GLASS
SHOP,

By their attorneys:

  /s/   Daniel Chaika
Daniel Chaika, Esq.
Chaika & Chaika
30 Rolfe Square
Cranston, RI
Tel. 401-941-5070
Fax 401-941-5299

Joel D. Joseph
Joseph & Associates
7272 Wisconsin Ave.
Suite 300
Bethesda, MD 20814
Tel. 301-941-1989
Fax 240-209-4000

Respectfully submitted,

DEFENDANT

CHRISTMAS TREE SHOPS, INC.

By its attorneys:

  /s/   Breton Leone-Quick
Peter A. Biagetti, Esq., BBO# 042310
Breton Leone-Quick, Esq., BBO# 655571
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241

Dated: May 31, 2006

## Local Rule 16.1(D)(3) Certifications

Plaintiffs and Defendant will be submitting their Local Rule 16.1(D)(3) Certifications
under separate cover.

LIT 1523378v1