IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, AND COUNTRY GLASS SHOP, <br><br> Plaintiffs <br><br> v. <br><br> CHRISTMAS TREE SHOPS, INC. <br><br> Defendant. | Case No. 04 12698 JLT |

### PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS PLAINTIFFS' THIRD AND FOURTH CAUSES OF ACTION

Plaintiffs oppose defendant's motion to dismiss plaintiffs' third and fourth cause of action. Plaintiffs strenuously objects to defendant's characterization of these claims as "frivolous." Is it frivolous for a designer whose works have be stolen to complain that the thief is part of a criminal enterprise? Christmas Tree Shops, Inc. is indeed a criminal enterprise. Its business is to steal the creative works of New England craft designers and have the products copied in China.

Since this case was filed the undersigned counsel has been inundated with calls from other New England crafts designers whose works have been stolen by Christmas Tree Shops. Plaintiffs intend to amend their complaint to join additional parties. These additional parties, in addition to bringing their own claims, buttress plaintiffs' allegations that Christmas Tree Shops, Inc. is a criminal enterprise.

1

If additional pleading changes are needed, as argued by defendant, plaintiffs will plead with more specificity, but would like to conduct discovery before being forced to do so.

### I. AMENDMENTS SHOULD BE FREELY ALLOWED.

Christmas Tree Shops, Inc. has moved to dismiss the two causes of action. Defendant has many technical objections, but all of them can be addressed, if necessary, by amendments to the complaint. Plaintiffs believe that defendant has been properly put on notice by the claims as to the conduct complained of by plaintiffs.

The rules of pleading are not a game. *Conley v. Gibson*, 355 U.S. 41 (1957). The Supreme Court ruled in *Conley* that "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." 355 U.S. at 47. If an amendment is necessary it should be allowed under the rules.

### II. RICO CLAIMS ARE APPROPRIATE.

The United States Supreme Court ruled that "RICO is to be read broadly. This is the lesson not only of Congress' self-consciously expansive language and overall approach . . . but also of its express admonition that RICO is to 'be liberally construed to effectuate its remedial purposes.'" *Sedima v. Imrex Company*, 473 U.S. 479 (1985).

There have not been many intellectual property cases joined with RICO claims. One unreported case, *Made in the USA v. Target Stores,* No. AW-00-449, DC Md., April 25, 2000, was decided on the basis of Sedima, and a motion to dismiss was denied.

The Supreme Court in *Sedima, supra,* ruled that civil RICO claims should be liberally construed, and thus these claims should not be dismissed before discovery can be conducted.

For all of these reasons, the motion to dismiss should be denied.

        /s/ Joel D. Joseph
JOEL D. JOSEPH, pro hac vice pending
7272 Wisconsin Avenue
Suite 300
Bethesda, MD 20814
(301) 941-1989

DANIEL CHAIKA
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910
(401) 941-5070

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this opposition to Peter Biagetti, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, One Financial Center, Boston, MA 02111 this 25th day of May, 2005.

        /s/ Joel D. Joseph
JOEL D. JOSEPH