UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Case No. 1:04-cv-12698 |
| | ) |
| CHRISTMAS TREE SHOPS, INC. | ) |
| | ) |
| Defendant | ) |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs move for leave to file an amended complaint joining two additional plaintiffs with similar claims. In support of this motion plaintiffs submit a statement of points and authorities and the proposed amended complaint.

Respectfully submitted,

_____
DANIEL E. CHAIKA (BBO#A551830)
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910
(401) 941-5070 – telephone
(401) 94105299 - facsimile

CERTIFICATE OF SERVICE

I certify that I have hand-delivered a copy of this motion, the proposed amended complaint, a proposed order and a statement of points and authorities to Peter Biagetti, Mintz, Levin, Cohen, Ferris, Glovsky and Popeo, One Financial Center, Boston, MA 02111 this 30th day of June, 2005.

_____
DANIEL CHAIKA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN KNIGHT )
Route 6 )
North Eastham, MA 02651 )
 )
 and )
 )
DONNA RUSSELL KNIGHT )
D/B/A/ THE GLASS EYE GALLERY )
Route 6 )
North Eastham, MA 02651 )
 )
 and )
 )
CHARLES COLE )
784 Pike Road )
Marshfield, VT 05658 )
 )
 and )
 )
VIIU NIILER )
784 Pike Road )
Marshfield, VT 05658 )
 )
 and )
 )
COUNTRY GLASS SHOP )
784 Pike Road )
Marshfield, VT 05658 )
 )
 and )
 )
AUNT SADIE'S, INC. )
18 Union Park Street )
Boston, MA 02118 )
 )
 and )
 )
SUSAN BOERMAN )
135 Forest St. )
Bridgewater, MA 02324 )
 )
       Plaintiffs )
 )
 v. ) Case No. 04-12698 JLT

1

```
CHRISTMAS TREE SHOPS, INC.      )
Serve: Charles G. Bilezikian    )
88 Mill Lane                    )
Yarmouthport, MA 02675          )
                                )
        Defendant               )
```

## AMENDED COMPLAINT FOR COMPENSATORY, INJUNCTIVE AND PUNITIVE RELIEF; JURY TRIAL DEMANDED

### I.

#### Nature of the Case

1. This is an action for copyright infringement, trade dress infringement, unfair competition and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).

### II.

#### Jurisdiction

2. Jurisdiction is conferred on this court by 28 U.S.C. §1331 (federal questions), §1337 (copyrights) and 18 U.S.C. §1964 (RICO).

### III.

#### Parties

3. John Knight is a resident of the State of Massachusetts.

4. Donna Russell Knight is the sole proprietor of The Glass Eye Gallery.

5. Charles Cole and Viiu Niiler are residents of the state of Vermont. Together they own and operate the Country Glass Shop as a partnership.

6. Aunt Sadie's, Inc. is a Massachusetts corporation.

7. Susan Boerman is a resident of the state of Massachusetts.

8. Christmas Tree Shops, Inc. is a Massachusetts Corporation.

## IV.
## Factual Allegations

9. Christmas Tree Shops, Inc. is in the business of copying the work of others, particularly craftsmakers in New England, and has the imitations made in China and selling the products for a small fraction of the original price.

10. John Knight designed and makes by hand a wall sconce that was copied by Christmas Tree Shops, Inc. Christmas Tree Shops sells the infringing wall sconce as EJD418and 000013-59565-4.

11. Donna Russell Knight operates The Glass Eye Gallery on Cape Cod. She sells John Knight's glass creations as well as those by others including glass products made by Country Glass Shop.

12. Charles Cole and Vii Niiler design and make glass products in Vermont. They designed a blue glass dish with a Nantucket basket of hydrangea. Christmas Tree Shops, Inc. copied this work in China and sells it for $1.69 under product number EAN 1474, 000013601904.

13. Aunt Sadie's, Inc. creates and manufactures "Candles in a Can™". Christmas Tree Shops, Inc. copies the trade dress of these products.

14. Susan Boerman wrote the book, *Its Great to Create* and has a copyright on its contents. In this book Ms. Boerman includes designs for several of her creations including plaque's for "Frosty's Snow Cones" and "Autumn Harvest." Christmas Tree Shops, Inc. copied these two designs without authorization.

15. All of plaintiffs' products, and all parts thereof, are made in the United States of America.

3

16. Without the consent or approval of plaintiffs, the defendant wrongfully and willfully misappropriated, sold and distributed unauthorized imported duplications of the plaintiffs' work.

17. Defendant had the infringing products made for it in China by workers who are not paid decent wages, workers who live under slave-like conditions, by employees of the People's Liberation Army and by prison workers.

18. Defendant's misappropriation of plaintiffs' designs and products constitute an unfair act and unfair method of competition as well as theft.

## V.

### First Cause of Action: Violations of Section 43(a) of the Lanham Act
### (Trade Dress)

19. Plaintiffs incorporate by reference paragraphs one through 18, inclusive.

20. John Knight's sconce has the following characteristics:

    a. Size;

    b. Shape;

    c. Made with opalescent glass;

    d. Includes textured soldering on a metal frame;

    e. Hanging ring;

    f. Uses three pieces of glass of unique shapes.

21. The Country Glass Shop has the following characteristics to the trade dress of its grape plate:

    a. Size (approximately 8 ¾ inches in diameter);

    b. Color (cobalt blue);

    c. Design of hydrangea in a Nantucket basket;

    d. Single hole at top for hanging;

    e. Texture.

4

22. Aunt Sadies, Inc.'s "Candles in a Can™" have the following characteristics:

    a.    Candles are in a round tin can;

    b.    Can has a paper label with a certain "look";

    c.    Candles have fragrance;

    d.    Each candle has a theme (Christmas, Outdoors, Birthday, etc.).

22. Susan Boerman's plaques have the following characteristics:

    a.    Shape;

    b.    Images;

    c.    Colors;

    d.    Materials;

    e.    Decorative elements.

23. Plaintiffs' products have secondary meaning. Consumers and retail stores recognize the plaintiffs as the source of products that have been copied by defendant.

24. Defendant's copies of plaintiffs' products causes confusion to consumers and retailers and constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

25. As a direct and proximate result of this infringement, plaintiffs have suffered injury to their reputation and a loss of income.

## VI.

## Second Cause of Action: Unfair Competition

26. Plaintiffs incorporate by reference paragraphs one through 25, inclusive.

27. Without the consent or approval of plaintiffs, defendant wrongfully misappropriated, sold and distributed unauthorized duplications of the plaintiffs' designs.

28. Defendant's copies are inferior to plaintiffs' work in craftsmanship and appearance, but have virtually identical shapes and designs to plaintiffs' designs.

29. Stores selling plaintiffs' designs, and consumers, have been confused by defendant's products, believing that the plaintiffs were the source of the illegal copies.

5

30. As a direct and proximate result of this unauthorized copying, plaintiffs have suffered injury to its reputation and a loss of income.

## VII.

### Third Cause of Action: Copyright Infringement

31. Plaintiffs incorporate by reference paragraphs one through 30, inclusive.

32. Defendant infringed Susan Boerman's copyright on *Its Great to Create*.

33. As a direct and proximate result of this infringement, plaintiff Boerman has suffered and continues to suffer, injury to her reputation and loss of income.

## IX.

### Fourth Cause of Action:
### For Violations Of Sections 1962(c) And (d) Of RICO

34. Plaintiffs restate and incorporate herein by reference ¶¶1-33 of this complaint.

35. This claim arises under §1964(c) of RICO and plaintiffs seek to recover actual and treble damages based upon defendant violations of 18 U.S.C. §1962(c)-(d), as described more fully below.

36. At all times relevant hereto, the plaintiffs and the defendant constituted a "person" within the meaning of 18 U.S.C. §1961(3).

37. Defendant is engaged in interstate acts of commerce and the acts alleged herein have a demonstrable effect on interstate commerce.

38. Section 1961(4) of RICO defines the term "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).

39. At all times relevant hereto, pursuant to the numerous agreements that were negotiated and executed between the defendant and Chinese suppliers as well as through their course of conduct, the defendant and Chinese suppliers have formed a series of association-in-fact enterprises within the meaning of 18 U.S.C. §1961(4) for the purpose of committing numerous acts of racketeering activity, including importation of products made by slave and prison labor in violation of 19 U.S.C. §1307. These enterprises are identified as follows:

6

40. the Peoples Liberation Army of China (PLA);

41. Departments of the Government of the People's Republic of China; and

42. other Chinese suppliers.

43. Defendant has engaged in a pattern of racketeering activity, as defined in §1961(5) of RICO, by committing and/or aiding and abetting at least two such acts of racketeering activity within the past 10 years. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including plaintiffs.

44. Defendant has stolen the copyrights and trade dress rights of the Cheryl Hannant and the Candle Factory.

45. Defendant has stolen from Stained Glass Designs the copyright and trade dress rights.

46. Defendant has stolen the copyrights and trade dress rights of many other crafts makers.

47. Section 1961(1) of RICO provides that a "person" commits and act of "racketeering activity" by engaging in (a) "any act or threat involving ... robbery ... which is chargeable under State law and punishable by imprisonment for more than one year," 18 U.S.C. §1961(1)(A), and/or (b) "any act which is indictable under" any of a number of provisions of Title 18, U.S. Code, 18 U.S.C. §1961(1)(B).

48. Defendant has either engaged in and/or aided and abetted predicate acts of racketeering activity in violation of state and federal law.

49. In addition to the defendant's acts as alleged herein, it also committed the following predicate acts:

>  (a) Theft, ("A person commits the offense of theft if he or she unlawfully takes, uses or consumes the property or services of another with intent to permanently deprive the owner of his or her rights to the property or services."). As alleged herein, the defendant and/or its agents took and used the copyrights and trademarks of plaintiffs with the intent to permanently deprive them of remuneration

7

for those services.

    (b) Theft of Services, ("A person commits theft if he or she purposely obtains services which the person knows are available only for compensation, by deception or threat, or by false token or other means to avoid payment for the service."). As alleged herein, the defendant and/or its agents purposely obtained the services of plaintiffs which the defendant and/or its agents knew were available only for fair compensation by deception or by other means of avoiding payment.

    (c) Receiving Stolen Property, ("A person commits theft if he or she purposely receives, retains, or disposes of property of another knowing that it has been stolen, or having reasonable cause to believe under all of the circumstances that it has probably been stolen"). As alleged herein, the defendant and/or its agents knowingly received the stolen services of plaintiffs.

    (d) Copyright Infringement.

50. By either knowingly, recklessly disregarding or reasonably being in a position to know the facts underlying the acts of racketeering activity as described above committed by the defendant and/or its agents, but neither preventing nor reporting said conduct and, in fact, profiting thereby.

51. The multiple acts of racketeering activity committed and/or aided and abetted by defendant, as described above, were related to each other and amounted to or posed a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5).

52. In violation of 18 U.S.C. §1962(c), the defendant conducted or participated, either directly or indirectly, in the conduct of each of the above-referenced enterprises' affairs through a pattern of racketeering activity, as described above.

53. Defendant, and its co-conspirators, who are not named in this claim, agreed and conspired amongst each other to conduct or participated, directly or indirectly, in the conduct of the above-referenced enterprises' affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d).

54. As a direct and proximate result of defendant's violations of 18 U.S.C. §§1962(c) and (d), plaintiffs have been injured in their business or property. Pursuant to 18 U.S.C. §1964(c), plaintiffs are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

55. Defendant's violations of the federal and state law detailed above and the effects thereof are continuing and will continue unless injunctive relief prohibiting defendant's illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

## IX.

## Fifth Cause of Action
## Violations Of Sections 1962(a) And (d) Of RICO

56. Plaintiffs incorporate herein by reference ¶¶1-55 of this complaint.

57. This claim for relief arises under §1964(c) of RICO and seeks to recover actual and treble damages based on defendant's violations of §1962(a) and (d) of RICO.

58. In violation of §1962(a) and (d) of RICO, defendant conspired to derive, and did derive, substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest, and used or invested, such proceeds in the operation of the association-in-fact enterprises detailed in above.

59. As a direct and proximate result of defendant's violations of §1962(a) and (d) of RICO, plaintiffs have been injured in their business or property. Pursuant to §1964(c) of RICO, plaintiffs are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

60. Defendant's violations of the federal and state law detailed above, and the effects thereof are continuing and will continue unless injunctive relief prohibiting plaintiff's illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

61. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiffs, in an improper motive amounting to malice, in conscious disregard of plaintiffs' rights. Plaintiffs are thus also entitled to recover exemplary

damages from defendant in an amount to be established at trial but relating to the total monies obtained by defendant as a result of their participation in this illegal and oppressive scheme.

## X.

## Sixth Cause of Action: For Declaratory And Injunctive Relief

62. Plaintiffs incorporate herein by reference ¶¶1-61 of this complaint.

63. Based upon the facts alleged above, there is the existence of an actual controversy relating to the legal rights and duties of the respective parties.

64. Plaintiffs have performed all promises, covenants and conditions required on their part to be performed.

65. Accordingly, plaintiffs request that the following judicial declarations, determinations and/or injunctive relief either be granted or made with regard to the rights of plaintiffs and the responsibilities of plaintiff.

66. Absent issuance of such an order, plaintiffs will be irreparably harmed and do not possess an adequate remedy at law.

## XI.

## Prayer for Relief

WHEREFORE, plaintiffs respectfully pray that this Court

A. Grant temporary, preliminary and/or permanent injunction enjoining and restraining plaintiff from continuing the practices set forth above, including enjoining defendant's sale and distribution of copies of plaintiffs' copyrighted and trademarked goods;

B. Order defendant to cease and desist from selling, displaying, distributing and advertising the offending products during the pendency of this matter and permanently thereafter;

C. Seize from defendant all of the offending products;

D. Exclude the offending products from the United States during the pendency of this matter and permanently thereafter;

E. Award compensatory and special damages of twenty million dollars ($20,000,000.00);

F. Award treble damages sustained by plaintiffs for defendant's violations of RICO;

G. Award punitive and exemplary damages of one hundred million dollars ($100,000,000.00)

H. Award pre- and post- judgment interest;

I. Award reasonable attorneys' fees and costs; and

J. Order such other and further relief as the Court deems just and proper.

_____
JOEL D. JOSEPH
JOSEPH & ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814
(301) 941-1989


_____
DANIEL CHAIKA
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, RI 02910
(401) 941-5070
Attorneys for Plaintiffs

11

12

## JURY DEMAND

Plaintiffs demand a trial by jury.

_____
DANIEL CHAIKA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN KNIGHT, et. al.　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　) 04-12698 JLT
　　　　　　　　　　　　　　　　　)
CHRISTMAS TREE SHOPS, INC.　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant　　　　　　　)

### ERRATA

Plaintiffs submit the following correction to paragraph 14 of the proposed amended complaint:

At the end of paragraph 14 add, "The copyright 'It's Great to Create' was registered effected July 6, 2005, registration number TX 6-162-494. A copy of the certificate of registration is attached as Plaintiffs' Exhibit One."

JOEL D. JOSEPH
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814
(301) 941-1989

### CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this errata and Plaintiffs' Exhibit One this 1st day of August, 2005 to Peter Biagetti, Mintz, Levin, One Financial Center, Boston, MA 02111.

JOEL D. JOSEPH

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX 6-162-494**



EFFECTIVE DATE OF REGISTRATION

JULY 6, 2005
Month / Day / Year

---

**1** TITLE OF THIS WORK ▼
IT'S GREAT TO CREATE

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**
**a** NAME OF AUTHOR ▼
SUSAN R. BOERMAN

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ UNITED STATES
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
TEXT AND ILLUSTRATIONS

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3**
**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given    Year in all cases.
2001

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ MAY   Day ▶ 1   Year ▶ 2002   Nation

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
SUSAN R. BOERMAN
135 FOREST ST.
BRIDGEWATER, MA 02324

APPLICATION RECEIVED
JUL 06 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED
JUL 06 2005

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY JRP | | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give Previous Registration Number ▶    Year of Registration ▶

**6 a** **DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

N/A

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**7 a** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼    Account Number ▼

**b** **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

JOEL D. JOSEPH
7272 WISCONSIN AVE #300
BETHESDA MD 20814

Area code and daytime telephone number ▶ (301) 941-1989    Fax number ▶ (240) 209-4000
Email ▶ JOSEPHASSOCIATES@COMCAST.NET

**8** **CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of AUTHOR

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

JOEL D. JOSEPH    Date ▶ 7-6-05

Handwritten signature (X) ▼
X _[signature]_

**9** Certificate will be mailed in window envelope to this address:
Name ▼ JOEL D. JOSEPH
Number/Street/Apt ▼ 7272 WISCONSIN AVE #300
City/State/ZIP ▼ BETHESDA, MD 20814

* YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress, Copyright Office, 101 Independence Avenue, S.E., Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form TX is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

August 2000—200,000    ★U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/20,009