**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, AND COUNTRY GLASS SHOP,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>    Defendant. | Case No. 04 12698 JLT |

**DEFENDANT CHRISTMAS TREE SHOPS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

Defendant Christmas Tree Shops, Inc. ("CTS") respectfully submits this opposition to Plaintiffs' Motion for Leave to File Amended Complaint (filed June 30, 2005) on the grounds that the proposed Amended Complaint is a futile effort to survive CTS's pending Motion to Dismiss the Third and Fourth Counts of the original Complaint filed in this action on May 4, 2005.

As demonstrated in CTS's Motion to Dismiss, plaintiffs' original Complaint did not -- and on the facts alleged, could never -- state any RICO claims upon which relief could be granted. Plaintiffs' Opposition to that Motion promised that they would "amend their complaint . . . to buttress plaintiffs' allegations that Christmas Tree Shops, Inc. is a criminal enterprise," and that CTS's "many technical objections . . . can be addressed, if necessary, by amendments to the complaint." Plaintiffs' Opposition to the Motion to Dismiss Plaintiffs' Third and Fourth Causes of Action at pp. 1, 2. But the proffered

Amended Complaint reveals that plaintiffs have not changed one word of their flawed RICO counts, except to renumber them as the Fourth and Fifth Counts of the proffered amendment. Rather than addressing any of the deficiencies spotlighted in the Motion to Dismiss, plaintiffs' proposed amendment adds only new plaintiffs and an unavailing claim of copyright violation. This is not merely inartful pleading, but an implicit concession by plaintiffs that, even with a second chance, they *cannot* plead a RICO claim on the facts alleged.

Plaintiffs' attempt to add a new claim of copyright violation is also futile, in that it fails to state a claim upon which relief can be granted. See Plaintiffs' Proposed Amended Complaint at p. 6. As explained at the June 30, 2005 hearing before this Court, plaintiffs cannot state a cognizable claim for copyright violation (either as a predicate act under RICO or as a stand-alone claim) without specifically pleading the existence of a registered or preregistered copyright. See 17 U.S.C.A. § 411(a). At the hearing, plaintiffs' counsel responded that this was merely an oversight due to time constraints, but no papers remedying this "oversight" have been filed during the additional time granted to plaintiffs by this Court. Again, this failure is not merely the result of inartful pleading, but acknowledges a substantive inability to state a claim upon which relief can be granted.

For these reasons, allowing plaintiffs to amend their Complaint would serve no legitimate purpose and would waste judicial resources. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (denial of leave is appropriate where, as is true here, the "amendment would be futile or would serve no legitimate purpose," and the "court should not needlessly prolong matters."); Debreceni v. Bru-Jell Leasing Corp., 710

F. Supp. 15, 19 (D. Mass. 1989) ("For a court to grant a motion to amend, only to turn around and dismiss the claims upon the filing of a properly interposed motion to dismiss, would be a waste of time for both the court and counsel."). CTS therefore respectfully requests that this Court deny <u>Plaintiffs' Motion for Leave to File Amended Complaint</u>, and dismiss with prejudice the Third and Fourth Counts of plaintiffs' original <u>Complaint</u>.

        Respectfully submitted,

        CHRISTMAS TREE SHOPS, INC.

        By its attorneys:

         /s/ Breton Leone-Quick
Peter A. Biagetti, Esq. (BBO# 042310)
Carrie Kei Heim, Esq. (BBO #652147)
Breton Leone-Quick, Esq. (BBO #655571)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241