**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, COUNTRY GLASS SHOP, AUNT SADIE'S, INC., AND SUSAN BOERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTMAS TREE SHOPS, INC., <br><br> Defendant. | Case No. 04 12698 JLT |

## DEFENDANT CHRISTMAS TREE SHOPS, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Christmas Tree Shops, Inc. ("CTS"), by and through its counsel, and without waiving its objection to Plaintiffs' wrongful circumvention of Fed. R. Civ. P. 15(a), see infra at ¶ 14, answers the Amended Complaint of John Knight, Donna Russell Knight, Charles Cole, Viiu Niiler, Country Glass Shop, Aunt Sadie's, Inc., and Susan Boerman ("Plaintiffs") as follows.

### AS TO "NATURE OF THE CASE"

1.   Denied to the extent that paragraph 1 describes claims that have been dismissed in this action, specifically, purported copyright infringement and RICO claims. Except as so denied, paragraph 1 is a description of the action and merits no response.

## AS TO "JURISDICTION"

2. Denied to the extent that no jurisdiction is conferred on this Court by 28 U.S.C. § 1337 or 28 U.S.C. § 1964, because all copyright and RICO claims have been dismissed.

## AS TO "PARTIES"

3. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3, and Plaintiffs are left to their proof thereof.

4. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4, and Plaintiffs are left to their proof thereof.

5. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, and Plaintiffs are left to their proof thereof.

6. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and Plaintiffs are left to their proof thereof.

7. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and Plaintiffs are left to their proof thereof.

8. Admitted.

**AS TO "FACTUAL ALLEGATIONS"**

9.  CTS admits that it is in the business of selling products for a lower price than may be charged by other vendors for similar items.  Except as so admitted, the allegations of paragraph 9 are denied.

10.  CTS denies that it copied the wall sconce described at paragraph 10.  CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of paragraph 10, and Plaintiffs are left to their proof thereof.  CTS admits that it sells product number EJD418 / 0-00013-59565-4.  Except as so admitted, the remaining allegations of paragraph 10 are denied.

11.  CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and Plaintiffs are left to their proof thereof.

12.  CTS denies that it copied the glass dish described at paragraph 12.  CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first two sentences of paragraph 12, and Plaintiffs are left to their proof thereof.  CTS admits that it sold a Glass Basket Plate, made in China, sold at a cost of $1.69, under product number EAN1474 / 0-00013-60190-4.  Except as so admitted, the remaining allegations of paragraph 12 are denied.

13.  CTS denies that it copied the candles described at paragraph 13.  CTS does not have knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of paragraph 13, and Plaintiffs are left to their proof thereof.

14.  Without filing or service of a motion pursuant to Fed. R. Civ. P. 15(a), Plaintiffs have attempted to amend this paragraph by "Errata" apparently submitted to the Clerk (without cover letter) on or after August 1, 2005.  CTS objects to that attempt to effect substantive changes to a pleading without leave of Court.  Without waiving that objection, CTS denies that it copied the designs described at paragraph 14.  CTS admits that a copy of a "Certificate of Registration" was attached to Plaintiffs' "Errata," but does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 14, and Plaintiffs are left to their proof thereof.

15.  CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15, and Plaintiffs are left to their proof thereof.

16.  CTS denies the allegations of paragraph 16.

17.  CTS denies the allegations of paragraph 17.

18.  CTS denies the allegations of paragraph 18.

### AS TO "FIRST CAUSE OF ACTION"
**(Violations of Section 43(a) of the Lanham Act)**

19.  Paragraph 19 incorporates by reference paragraphs one through 18, inclusive, and merits no further response.

20.  CTS admits that the alleged product has a size and a shape, but denies all remaining allegations contained in paragraph 20.

21. CTS admits that the alleged product has a size and a color, but denies all remaining allegations contained in paragraph 21, including the specific size and color characteristics identified in paragraphs 21(a)-(b).

22. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22, and Plaintiffs are left to their proof thereof.

22a. CTS notes that the paragraph described here as paragraph 22a was misnumbered by Plaintiffs as a second paragraph 22 in their Amended Complaint. CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22a, and Plaintiffs are left to their proof thereof.

23. CTS denies the allegations of paragraph 23.

24. CTS denies the allegations of paragraph 24.

25. CTS denies the allegations of paragraph 25.

## AS TO "SECOND CAUSE OF ACTION"
**(Unfair Competition)**

26. Paragraph 26 incorporates by reference paragraphs one through 25, inclusive, and merits no further response.

27. CTS denies the allegations of paragraph 27.

28. CTS denies that its products are copies of those belonging to Plaintiffs, and further denies that the products referenced are "virtually identical." CTS does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 28, and Plaintiffs are left to their proof thereof.

29. CTS denies the allegations of paragraph 29.

30. CTS denies the allegations of paragraph 30.

### AS TO THIRD, FOURTH, and FIFTH CAUSES OF ACTION

31-61.  These purported causes of action have been dismissed.

### AS TO "SIXTH CAUSE OF ACTION"
### (For Declaratory and Injunctive Relief)

62. To the extent paragraph 62 incorporates by reference paragraphs one through 30, the paragraph merits no further response.  Paragraphs 31 through 61 have been dismissed and therefore require no response.

63. CTS denies the allegations of paragraph 63.

64. CTS denies the allegations of paragraph 64.

65. Paragraph 65 states the Plaintiffs' request for relief and merits no response.

66. CTS denies the allegations of paragraph 66.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by at least one of the doctrines of unclean hands, laches, estoppel, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have failed to mitigate any damage that they have allegedly sustained, any recovery against CTS must be reduced by that amount.

### FOURTH AFFIRMATIVE DEFENSE

CTS has not committed any actions constituting an unfair act, unfair competition, false designation of origin, false description, misappropriation, theft, or infringement of any valid rights Plaintiffs may currently have.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' asserted "trade dress" is not entitled to protection because Plaintiffs' products have not achieved secondary meaning in the marketplace.

**SIXTH AFFIRMATIVE DEFENSE**

There is no actual confusion or likelihood of confusion in the marketplace as to the source and/or sponsorship of CTS's products and Plaintiffs' products.

**SEVENTH AFFIRMATIVE DEFENSE**

The allegations of the Amended Complaint are not well grounded in fact or law, and/or are asserted for an improper purpose, and CTS reserves the right to seek and award of costs and counsel fees based thereon.

**EIGHTH AFFIRMATIVE DEFENSE**

The allegations of the Amended Complaint are barred in whole or in part by the applicable statute of limitations.

CHRISTMAS TREE SHOPS, INC.

By its attorneys

  /s/  Carrie Kei Heim
Peter A. Biagetti, Esq.
Carrie Kei Heim, Esq.
Breton Leone-Quick, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241

Dated: August 9, 2005