UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN KNIGHT, et. al.               )
                                   )
        Plaintiffs                 )
                                   )
v.                                 ) 04-12698 JLT
                                   )
CHRISTMAS TREE SHOPS, INC.         )
                                   )
        Defendant                  )

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO RECONSIDER PART OF ORDER OF AUGUST 2, 2005

The Circuit Courts are split on the issue of whether a plaintiff can file complaint on a copyright claim after an application is filed with the Copyright Office but before it is registered by the Copyright Office. The First Circuit has not ruled on this issue.

The two schools of thought are called the application approach and the registration approach. We urge the court to adopt the application approach and allow Ms. Boerman to prosecute her claim for copyright infringement

### I. The Application Approach Should Be Adopted

In *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984), the court held that federal jurisdiction is satisfied merely by proving "payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." See also *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (same). These courts are also in good company. According to one of the leading treatises on copyright law, this is the

1

preferable approach since it most efficaciously facilitates the judicial protection of copyrights through infringement actions. See Melville B. Nimmer, Nimmer on Copyright, Vol. 2 § 7.16[B][1][a], p. 7-154-56.

Looking to the Act, courts adopting the application approach conclude that because a copyright owner can sue regardless of whether an application for registration is ultimately granted or rejected, delaying the date on which a copyright owner can sue is a senseless formality. See Nimmer, § 7.16[B][1][a][i]; *Apple Barrel Prod., Inc.*, 730 F.2d at 386-87(citing Nimmer); *Foraste v. Brown Univ.*, 248 F. Supp. 2d 71, 77 n.10 (D.R.I. 2003) (discussing rationale for application approach). These courts also rely on the language of § 408, that registration is not a condition of copyright protection, and § 410(d) that once a copyright is registered, the effective date of the registration relates back to the date the Copyright Office received the last of the filing materials (i.e., the deposit, fee, and application). See 17 U.S.C. § 410(d); *Foraste, supra*, 248 F. Supp. 2d at 77 n.10.

Finally, these courts look to the date of the application for registration as "a condition to filing an infringement action, [but] issuance of a registration certificate is a condition to statutory damages" and other statutory remedies. Nimmer, § 7.16[B][1][a][i].

Thus, the argument goes, a copyright owner can get into court without being held hostage by the vagaries of the Copyright Office in its ministerial act of issuing the certificate. See *International Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 72 (D.D.C. 2000)(adopting the

Application approach because it "best effectuates the interests of justice and promotes judicial economy").

Other courts that have adopted the Application approach include: *Well-Made Toy Mfg. v. Goffa Int'l.*, 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002); and *Havens v. Time Warner, Inc.*, 896 F. Supp. 141, 142-43 (S.D.N.Y. 1995).

Since copyright is automatic upon publication, § 408, and the effective date of registration relates back to the date of application, § 410(d), other courts have read the Act to make application the jurisdictionally critical event.

For example, in *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002),"Napster argued that . . . works with pending registration applications are not entitled to the same rebuttable presumption as registered works . . . . [However,] 17 U.S.C. section 410(d), states that 'the effective date of a copyright registration is the day on which an application . . . [is] received in the Copyright Office.' Hence, works with pending registrations will be given the benefit of the presumption of ownership."

The application approach is the best approach to protecting the rights of copyright holders. It is unfair that one can possess a copyright but be unable to file suit until it is "voluntarily" registered by the copyright holder. In addition, the registration approach allows an infringer to dilute a copyright until a government official is able to sift through and approve what is surely a large stack of copyright registration applications. Courts adopting the application approach provides a sort of rough justice because it allows copyright owners to file suit while still

3

maintaining the requirement that an owner obtain a certificate before a court can invoke the remedies contained in Title 17. See Nimmer, § 7.16[B][1][a].

## II. The 2005 Copyright Amendments.

On April 27, 2005 Congress amended portions of Title 17 through the Family Entertainment and Copyright Act of 2005, P.L. 109-9 (FECA). Specifically, FECA amended § 411 to allow a copyright owner to sue for infringement if the copyright is either "registered" or "preregistered." FECA also amended 17 U.S.C. § 408 to require the Register to further define preregistration. As a result of this amendment, an additional class of works pending registration will support an infringement action. Procedures for preregistration of a work that is being prepared for commercial distribution are authorized.

The Register of Copyrights has yet to issue regulations or guidance regarding preregistration. We thus are not at a point to determine whether the works at issue in this case are eligible for preregistration. We note, however, that FECA was concerned, in large part, with the piracy of movies and the subsequent sale and distribution of illegal copies of movies. Whatever the Register of Copyrights eventually determines, however, the adoption of FECA further confirms our statutory analysis.

## III. Conclusion

For all of these reasons, plaintiff Boerman should be allowed to proceed

on her claim for copyright infringement.

_____
DANIEL E. CHAIKA, ESQUIRE
Chaika & Chaika
30 Rolfe Square
Cranston, RI   02910
(401) 941-5070 - telephone
(401) 941-5299 - facsimile

_____
JOEL D. JOSEPH, ESQUIRE
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814
(301) 941-1989
Attorneys for Plaintiff