IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, COUNTRY GLASS SHOP, AUNT SADIE'S, INC., AND SUSAN BOERMAN,<br><br>  Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>  Defendant. | Case No. 04 12698 JLT |

**CHRISTMAS TREE SHOPS, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO RECONSIDER**

In its Order of August 2, 2005 ("August 2 Order"), this Court dismissed Plaintiffs' Third Cause of Action (Copyright Infringement) for failure to allege preregistration pursuant to 17 U.S.C. § 411(a). Now, nearly four months later, and only two days before the close of discovery, Plaintiff Susan Boerman ("Boerman") has filed a Motion to Reconsider Part of Order of August 2, 2005 ("Motion to Reconsider"), asking the Court to undo its decision. While Boerman's arguments focus exclusively on an analysis of the "application approach" to standing in copyright cases, that question is completely irrelevant to the claim at issue here.[1/] On grounds that *are* dispositive, however, defendant Christmas Tree Shops, Inc. ("CTS") respectfully submits that Boerman's Motion to Reconsider should be denied as belated, futile, and unduly prejudicial.

---

[1/]   According to Plaintiffs' own documents, the copyright application was received by the Copyright Office on July 6, 2005, *the same day that the registration was granted*. See Exhibit 1 to Plaintiffs' Errata (attached hereto as Exhibit 1). Thus, the entire argument presented by Plaintiffs on reconsideration is irrelevant -- since application and registration apparently occurred on the same date, it matters not whether this Court adopts an "application" or "registration" approach.

Belatedness: Plaintiffs already were granted an opportunity to amend their complaint to add allegations necessary to support a claim of copyright infringement, and Plaintiffs missed that deadline. On June 30, 2005, this Court held a Scheduling Conference to determine the scope and timing of discovery, and to allow oral argument on CTS' Motion to Dismiss the Third and Fourth Causes of Action of Plaintiffs' Complaint. On that same day, Plaintiffs filed a Motion for Leave to File Amended Complaint and an accompanying Proposed Amended Complaint, which proffered a new Third Cause of Action for copyright infringement. At the Scheduling Conference, counsel for CTS stated that the newly-added claim for copyright infringement should be dismissed for failure to allege registration or preregistration pursuant to 17 U.S.C. § 411. In response, counsel for Plaintiffs assured the Court that the copyright *was* registered, and the Court accordingly granted leave for Plaintiffs to submit a second amended complaint *on or before July 7, 2005*. See Order of June 30, 2005 at ¶ 5; Order of August 2, 2005 at ¶ 4.

Plaintiffs failed to file a second amended complaint by the Court-mandated deadline and never sough to file a second amended complaint to establish the validity of their copyright infringement claim. Instead, Plaintiffs attempted to amend their Complaint by an "Errata" apparently submitted to the Clerk (without cover letter) on or after August 1, 2005.[2/] Having missed the Court-imposed deadline for filing of a properly proffered amendment, Boerman now asks on reconsideration that the Court permit her to renew her claim of copyright infringement because her copyright was registered on July 6, 2005 (contrary to Plaintiffs' counsel's representation at the June 30

---

[2/]    In its Answer to Plaintiffs' Amended Complaint, CTS objected to the "Errata" as an improper attempt to effect substantive changes to a pleading without leave of Court.

hearing that registration had already been effected). That request adds nothing of dispositive substance and thus should be denied.

<p style="text-indent: 2em;">Futility: Boerman's Motion to Reconsider should also be denied because the amendment it purports to offer would be futile. See Plaintiffs' Proposed Amended Complaint at ¶¶ 31-33. The evidence adduced by Plaintiffs to date has established that CTS was, *at most*, an innocent infringer which had no reason to believe its purchases constituted an infringement of copyright, and had already stopped all sales of the allegedly infringing products prior to being notified by Plaintiffs that the products may have been copyrighted. At deposition, the CTS buyer who purchased the allegedly infringing products made clear that CTS had *no* input into the design of the products, but simply had purchased ready-made items from a manufacturer's factory showroom shelves:</p>

> We were in the factory and we were walking around. And I picked the fall design and Christmas design off the shelf. I picked this item off the shelf. …when I went into the factory, I picked this off the shelf. It was a ready made product.

See Transcript of November 8, 2005 Deposition of D. Watts at p.11, ll.1-4; p.17, ll.21-23 (excerpts attached as Exhibit A to the Affidavit of Carrie Kei Heim (filed herewith)). Plaintiffs have discovered nothing to suggest that CTS was aware of the existence of Boerman's book, or that CTS had reason to believe that the products it purchased could even be accused of infringing, until service of Plaintiffs' Proposed Amended Complaint on June 30, 2005.[3/] As a result, even if amendment were allowed, damages would be limited to actual damages *to the copyright holder of the book*. But according to the title page of the book, its copyright holder is Gretchen Cagle Publications, Inc., *not* Boerman,

---

[3/] As produced CTS sales records have established, CTS stopped selling the two items at issue many months before this date. See Affidavit of Carrie Kei Heim at Exhibit B (showing sale period for both items ending no later than 2004).

3

and as such it appears that Boerman has no rights to bring a copyright suit. See Affidavit of Carrie Kei Heim at Exhibit C[4/]).

Prejudice: Finally, revising this Court's August 2, 2005 Order at this late juncture would be unduly prejudicial to CTS, and would waste judicial resources. This Court made clear in its Order of June 30, 2005 that "[t]he Parties shall complete discovery by November 30, 2005" and that "[n]o additional discovery will be permitted without leave of this court." Order of June 30, 2005 at ¶¶ 3-4. CTS was served with Boerman's Motion to Reconsider on November 28, 2005, only two days before the end of the discovery period. Reopening discovery now on Boerman's purported amended claim would be unduly prejudicial, as CTS has completed its discovery based on the claims which were remaining in the case and is poised to move for summary judgment on all of those claims. Allowing Boerman to resurrect her copyright claim would require discovery to be reopened and delay prompt disposition of this entire case.

For all these reasons, Boerman's Motion to Reconsider is untimely, futile, and would result in undue prejudice to CTS. Furthermore, Boerman has failed to raise any argument of merit in its supporting memorandum, arguing instead a factually irrelevant distinction between application and registration. Accordingly, Boerman's Motion to Reconsider should be denied.

---

[4/] Even if Boerman were able to show innocent infringement, the Court may (and here should) reduce damages to $200 for each of the two allegedly infringing items, for a total of $400. See 17 U.S.C. § 504(c)(2); D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 36 (2d Cir. 1990). To reopen discovery and delay the schedule for disposition of this case simply on account of a belated claim that, at best, would result in a penalty of $400 would be imprudent and unduly prejudicial.

Respectfully submitted,

CHRISTMAS TREE SHOPS, INC.

By its attorneys


 /s/  Carrie Kei Heim
Peter A. Biagetti, Esq.
Carrie Kei Heim, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241

Dated: December 6, 2005


LIT 1552549v.3

Certificate of Registration PLAINTIFF'S [EX 1]



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX 6-162-494**



EFFECTIVE DATE OF REGISTRATION

JULY 6, 2005
Month / Day / Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

IT'S GREAT TO CREATE

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2 a** NAME OF AUTHOR ▼
SUSAN R. BOERMAN

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ UNITED STATES
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
TEXT AND ILLUSTRATIONS

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
2001 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ MAY   Day ▶ 1   Year ▶ 2002
◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
SUSAN R. BOERMAN
135 FOREST ST.
BRIDGEWATER, MA 02324

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
JUL 06 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

JUL 06 2005
FUNDS RECEIVED

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions      • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | JRP | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>☐ Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give Previous Registration Number ▶          Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

N/A

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**6** a / b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼          Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

JOEL D. JOSEPH
7272 WISCONSIN AVE #300
BETHESDA MD 20814
Area code and daytime telephone number ▶ (301) 941-1989       Fax number ▶ (240) 209-4000
Email ▶ JOSEPHASSOCIATES@COMCAST.NET

**7** a / b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of __AUTHOR__
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date
JOEL D. JOSEPH                                    Date ▶ 7-6-05

Handwritten signature (X) ▼
X _[signature]_

| Certificate will be mailed in window envelope to this address: | Name ▼ JOEL D. JOSEPH<br>Number/Street/Apt ▼ 7272 WISCONSIN AVE #300<br>City/State/ZIP ▼ BETHESDA, MD 20814 | **9** |
|---|---|---|

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

August 2000—200,000                                   ☆U.S. GOVERNMENT PRINTING OFFICE 2000-461-113/20,009