IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, COUNTRY GLASS SHOP, AUNT SADIES, INC., AND SUSAN BOERMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>    Defendant. | Case No. 04 12698 JLT |

### DEFENDANT'S MOTION TO COMPEL
### PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 37(a)(2) and Local Rule 7.1(a)(2), defendant Christmas Tree Shops, Inc. ("CTS") respectfully moves this Court for an order compelling production by plaintiffs of certain documents which they specifically identified and acknowledged as discoverable at their depositions, and which plaintiffs' counsel had promised -- twice -- to produce no later than December 19, 2005. Because CTS is otherwise poised to file a summary judgment motion to dispose of all claims in this unfair competition/trade dress case, it seeks prompt production of these remaining documents.

At their depositions on November 9 and 10, 2005, three of the plaintiffs' Rule 30(b)(6) representatives identified and agreed to produce 14 specific categories of documents that: (1) supported their claims of damages (e.g., sales, income and profit data regarding their allegedly copied products); or (2) reflected the source-identifying ways in which plaintiffs had packaged their products (e.g., hang tags, monogrammed ribbon,

labels and business cards) or advertised those products (e.g., postcard, flyers or newspaper ads).

As plaintiffs' counsel has acknowledged, these documents are plainly discoverable.[1/] Indeed, once itemized for plaintiffs' counsel, he twice agreed to produce all such documents, most recently by December 19, 2005. But despite these promises and two demands from CTS pursuant to Local Rule 7.1(a)(2) (copies of relevant emails attached), plaintiffs produced documents in response to only one of the requested categories, leaving 13 completely unanswered. CTS therefore moves this Court to compel their production, as more specifically set forth in the attached proposed Order.

                Respectfully submitted,

                **CHRISTMAS TREE SHOPS, INC.**

                By its attorneys:

                /s/ Peter A. Biagetti
                Peter A. Biagetti, Esq., BBO# 042310
                Carrie Kei Heim, Esq., BBO# 652147
                MINTZ, LEVIN, COHN, FERRIS,
                GLOVSKY AND POPEO, PC
                One Financial Center
                Boston, MA 02111
                Tel. 617-542-6000
                Fax 617-542-2241

Dated: December 22, 2005

---

[1/] "Proof of secondary meaning entails vigorous evidentiary requirements." Boston Beer Co. v. Slesar Bros. Brewing Co., 9 F.3d 175, 181 (1st Cir. 1992) (citation omitted); I.P. Lund Trading v. Kohler Co., 163 F.3d 27, 41-42 (1st Cir. 1998) ("To establish secondary meaning, a manufacturer must show that, in the minds of the public, the primary significance of a product feature or term is to *identify the source* of the product rather than the product itself.") (emphasis added, citation omitted). As to compensatory damages for trade dress claims, the applicable statute requires proof of "any damages sustained by the plaintiff." See 15 U.S.C. § 1117(a)(2).

### Heim, Carrie Kei

| | |
|---|---|
| **From:** | Heim, Carrie Kei |
| **Sent:** | Monday, November 14, 2005 4:09 PM |
| **To:** | josephassociates@comcast.net |
| **Cc:** | Biagetti, Peter |
| **Subject:** | Request for Additional Documents |

Joel,

I am writing to request the additional responsive documents and information that the plaintiff witnesses said in depositions that they would be able to provide. These additional documents are:

John Knight/Glass Eye
1) Tax returns (redacted as necessary) sufficient to show gross income to the Knights from the Glass Eye Gallery for 2001-04
2) Any copies of Glass Eye Gallery advertising from the Cape Cod Voice, the Cape Codder, and advertising with the Chamber of Commerce Eastham and Wellfleet/Orleans for 2003-04 (or a representative sample of an equivalent ad)
3) A sample hang tag from the Glass Eye Gallery (preferably one that is representative of the kind sometimes used on the sconce)

Gary Briggs/Aunt Sadie's
1) An Aunt Sadie's price sticker (preferably one that is representative of the kind that may be used on the candles at issue)
2) Additional sales numbers and percentages for the Apple Pie candle (2001-02) and the Happy Birthday candle (2002)
3) Net profits on the four candles at issue for the years that they have been produced and sold (Apple Pie, It's a Boy, It's a Girl, Happy Birthday)
4) A copy of the postcard advertising the Apple Pie candle, and copies of any other advertising that included the four candles at issue
5) A piece of Aunt Sadie's ribbon (as used in wrapping the candles at the retail store)
6) Sales order data from customer "Oceana," specifically, the two orders prior to March 31, 2005, and all subsequent orders placed by Oceana

Viiu Niiler/Country Glass
1) Sales numbers for the retail store, showing both total sales and sales of the disputed suncatcher or closest approximation (1998-2005)
2) Total wholesale Country Glass sales (and percentage of sales attributable to the disputed suncatcher or closest approximation) for 2000-01
3) Copies of the Country Glass sticky label, the card Country Glass sent with its products to wholesalers (preferably one that is representative of the kind sent with the suncatchers), and the MFA card sent to purchasers of Country Glass suncatchers
4) Any additional advertising of the suncatchers
5) Name of Ms. Niiler's contact at the store "Potted Geranium," and the town in Maine which is the location of the store "Craftworks"

We would appreciate receiving these from you as soon as possible, and in any event no later than December 2, since our next conference with Judge Tauro is December 6.

12/22/2005

Thank you,
Carrie

------------------------------------------------------------
Carrie Kei Heim
Mintz Levin Cohn Ferris Glovsky & Popeo PC
One Financial Center, 46th Floor
Boston, MA 02111
Direct dial: (617) 348-3084
Fax: (617) 542-2241

### Heim, Carrie Kei

| | |
|---|---|
| **From:** | Heim, Carrie Kei |
| **Sent:** | Friday, December 02, 2005 2:38 PM |
| **To:** | josephassociates@comcast.net |
| **Cc:** | Biagetti, Peter |
| **Subject:** | FW: Request for Additional Documents |

Joel,

We still have not received copies of the documents and items described below which were promised to us at the depositions of John Knight, Gary Briggs, and Viiu Niiler on November 9 & 10. Please e-mail them to us, send them by overnight delivery, or, at the absolute latest, hand us copies in court at the hearing this coming Tuesday (December 6).

Thank you,
Carrie

---

**From:** Heim, Carrie Kei
**Sent:** Monday, November 14, 2005 4:09 PM
**To:** josephassociates@comcast.net
**Cc:** Biagetti, Peter
**Subject:** Request for Additional Documents

Joel,

I am writing to request the additional responsive documents and information that the plaintiff witnesses said in depositions that they would be able to provide. These additional documents are:

John Knight/ Glass Eye
1) Tax returns (redacted as necessary) sufficient to show gross income to the Knights from the Glass Eye Gallery for 2001-04
2) Any copies of Glass Eye Gallery advertising from the Cape Cod Voice, the Cape Codder, and advertising with the Chamber of Commerce Eastham and Wellfleet/Orleans for 2003-04 (or a representative sample of an equivalent ad)
3) A sample hang tag from the Glass Eye Gallery (preferably one that is representative of the kind sometimes used on the sconce)

Gary Briggs/ Aunt Sadie's
1) An Aunt Sadie's price sticker (preferably one that is representative of the kind that may be used on the candles at issue)
2) Additional sales numbers and percentages for the Apple Pie candle (2001-02) and the Happy Birthday candle (2002)
3) Net profits on the four candles at issue for the years that they have been produced and sold (Apple Pie, It's a Boy, It's a Girl, Happy Birthday)
4) A copy of the postcard advertising the Apple Pie candle, and copies of any other advertising that included the four candles at issue
5) A piece of Aunt Sadie's ribbon (as used in wrapping the candles at the retail store)

12/22/2005

6) Sales order data from customer "Oceana," specifically, the two orders prior to March 31, 2005, and all subsequent orders placed by Oceana

Viiu Niiler/Country Glass
1) Sales numbers for the retail store, showing both total sales and sales of the disputed suncatcher or closest approximation (1998-2005)
2) Total wholesale Country Glass sales (and percentage of sales attributable to the disputed suncatcher or closest approximation) for 2000-01
3) Copies of the Country Glass sticky label, the card Country Glass sent with its products to wholesalers (preferably one that is representative of the kind sent with the suncatchers), and the MFA card sent to purchasers of Country Glass suncatchers
4) Any additional advertising of the suncatchers
5) Name of Ms. Niiler's contact at the store "Potted Geranium," and the town in Maine which is the location of the store "Craftworks"

We would appreciate receiving these from you as soon as possible, and in any event no later than December 2, since our next conference with Judge Tauro is December 6.

Thank you,
Carrie

-------------------------------------------------------------------
Carrie Kei Heim
Mintz Levin Cohn Ferris Glovsky & Popeo PC
One Financial Center, 46th Floor
Boston, MA 02111
Direct dial: (617) 348-3084
Fax: (617) 542-2241

12/22/2005

### Heim, Carrie Kei

| | |
|---|---|
| **From:** | Heim, Carrie Kei |
| **Sent:** | Tuesday, December 06, 2005 5:04 PM |
| **To:** | josephassociates@comcast.net |
| **Cc:** | kenneth.bradley@bedbath.com; Biagetti, Peter |
| **Subject:** | Letter re: Documents |
| **Attachments:** | Letter to J.Joseph.DOC |

Thank you.

-----------------------------------------------------------------

Carrie Kei Heim
Mintz Levin Cohn Ferris Glovsky & Popeo PC
One Financial Center, 46th Floor
Boston, MA 02111
Direct dial: (617) 348-3084
Fax: (617) 542-2241

# MINTZ LEVIN

Carrie Kei Heim | 617 348 3084 | ckheim@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

By Email and Mail

December 6, 2005

Joel D. Joseph, Esq.
Joseph & Associates
7272 Wisconsin Avenue
Suite 300
Bethesda, MD 20814

**Re: John Knight et al. v. Christmas Tree Shops, Inc. 04-12698**

Dear Joel:

Pursuant to Local Rule 7.1(a)(2), I write to confirm the commitment you made during your telephone conversation with Peter and me earlier today to produce documents to us by December 13, 2005. As we discussed, we still have not received a number of additional responsive documents and items that the plaintiff witnesses said (during their depositions of November 9 and 10) they would be able to provide to us, and that we since have itemized for you in our e-mails of November 14 and December 2, 2005. (I've enclosed another such itemization). We stated that we would be filing a motion to compel production of those documents if you were unwilling to produce them voluntarily.

We thank you for agreeing to produce those documents within one week. If we do not receive them by the close of business on December 13, 2005, we must assume that you are, in fact, refusing to produce them, and we will go forward with our motion to compel.

Thank you,

Carrie Kei Heim

Encl.

cc: Peter A. Biagetti, Esq.
    Kenneth Bradley, Esq.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Joel D. Joseph, Esq.
December 6, 2005
Page 2

## Requested Additional Responsive Documents

John Knight/Glass Eye
1. Tax returns (redacted as necessary) sufficient to show gross income to the Knights from the Glass Eye Gallery for 2001-04
2. Any copies of Glass Eye Gallery advertising from the Cape Cod Voice, the Cape Codder, and advertising with the Chamber of Commerce Eastham and Wellfleet/Orleans for 2003-04 (or a representative sample of an equivalent ad)
3. A sample hang tag from the Glass Eye Gallery (preferably one that is representative of the kind sometimes used on the sconce)

Gary Briggs/Aunt Sadie's
1. An Aunt Sadie's price sticker (preferably one that is representative of the kind that may be used on the candles at issue)
2. Additional sales numbers and percentages for the Apple Pie candle (2001-02) and the Happy Birthday candle (2002)
3. Net profits on the four candles at issue for the years that they have been produced and sold (Apple Pie, It's a Boy, It's a Girl, Happy Birthday)
4. A copy of the postcard advertising the Apple Pie candle, and copies of any other advertising that included the four candles at issue
5. A piece of Aunt Sadie's ribbon (as used in wrapping the candles at the retail store)
6. Sales order data from customer "Oceana," specifically, the two orders prior to March 31, 2005, and all subsequent orders placed by Oceana

Viiu Niiler/Country Glass
1. Sales numbers for the retail store, showing both total sales and sales of the disputed suncatcher or closest approximation (1998-2005)
2. Total wholesale Country Glass sales (and percentage of sales attributable to the disputed suncatcher or closest approximation) for 2000-01
3. Copies of the Country Glass sticky label, the card Country Glass sent with its products to wholesalers (preferably one that is representative of the kind sent with the suncatchers), and the MFA card sent to purchasers of Country Glass suncatchers
4. Any additional advertising of the suncatchers
5. Name of Ms. Niiler's contact at the store "Potted Geranium," and the town in Maine which is the location of the store "Craftworks"

LIT 1552940v.1

## Heim, Carrie Kei

| | |
|---|---|
| **From:** | Heim, Carrie Kei |
| **Sent:** | Wednesday, December 14, 2005 1:37 PM |
| **To:** | josephassociates@comcast.net |
| **Cc:** | kenneth.bradley@bedbath.com; Biagetti, Peter |
| **Subject:** | Knight v. CTS |
| **Attachments:** | Decorations for Generations.doc; Denial of Cert.doc; Letter to J.Joseph.DOC |

Joel,

We are writing to notify you that, per Local Rule 7.1(a)(2), and as we warned in our discussion of last week, we will file a motion to compel documents from plaintiffs because we still have not received the documents we requested at depositions more than a month ago and which you promised to provide to us no later than December 13, 2005 (yesterday). The letter we sent you last week summarizing the history of our requests, and the requests themselves, are attached hereto.

Additionally, we still have not received the "many cases" you referenced in your letter of December 2, 2005 and promised to send to us. We would like to share with you the attached case, however, in which the Federal Circuit reversed a jury's verdict in favor of the plaintiff, holding that the substantial evidence did not support a finding of secondary meaning in the minds of consumers. The Supreme Court denied *certiorari* on this case, so this recent ruling again confirms our grounds, when appropriate, to recover attorneys' fees and costs from you and your clients pursuant to Fed. R. Civ. P. 11 (b) and (c).

We continue to look forward to receipt of the promised cases. Thank you.

Carrie

---

Carrie Kei Heim
Mintz Levin Cohn Ferris Glovsky & Popeo PC
One Financial Center, 46th Floor
Boston, MA 02111
Direct dial: (617) 348-3084
Fax: (617) 542-2241

# MINTZ LEVIN

Carrie Kei Heim | 617 348 3084 | ckheim@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

By Email and Mail

December 6, 2005

Joel D. Joseph, Esq.
Joseph & Associates
7272 Wisconsin Avenue
Suite 300
Bethesda, MD 20814

**Re: John Knight et al. v. Christmas Tree Shops, Inc. 04-12698**

Dear Joel:

Pursuant to Local Rule 7.1(a)(2), I write to confirm the commitment you made during your telephone conversation with Peter and me earlier today to produce documents to us by December 13, 2005. As we discussed, we still have not received a number of additional responsive documents and items that the plaintiff witnesses said (during their depositions of November 9 and 10) they would be able to provide to us, and that we since have itemized for you in our e-mails of November 14 and December 2, 2005. (I've enclosed another such itemization). We stated that we would be filing a motion to compel production of those documents if you were unwilling to produce them voluntarily.

We thank you for agreeing to produce those documents within one week. If we do not receive them by the close of business on December 13, 2005, we must assume that you are, in fact, refusing to produce them, and we will go forward with our motion to compel.

Thank you,

Carrie Kei Heim

Encl.


cc:    Peter A. Biagetti, Esq.
       Kenneth Bradley, Esq.


**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Joel D. Joseph, Esq.
December 6, 2005
Page 2

Requested Additional Responsive Documents

John Knight/Glass Eye
1. Tax returns (redacted as necessary) sufficient to show gross income to the Knights from the Glass Eye Gallery for 2001-04
2. Any copies of Glass Eye Gallery advertising from the Cape Cod Voice, the Cape Codder, and advertising with the Chamber of Commerce Eastham and Wellfleet/Orleans for 2003-04 (or a representative sample of an equivalent ad)
3. A sample hang tag from the Glass Eye Gallery (preferably one that is representative of the kind sometimes used on the sconce)

Gary Briggs/Aunt Sadie's
1. An Aunt Sadie's price sticker (preferably one that is representative of the kind that may be used on the candles at issue)
2. Additional sales numbers and percentages for the Apple Pie candle (2001-02) and the Happy Birthday candle (2002)
3. Net profits on the four candles at issue for the years that they have been produced and sold (Apple Pie, It's a Boy, It's a Girl, Happy Birthday)
4. A copy of the postcard advertising the Apple Pie candle, and copies of any other advertising that included the four candles at issue
5. A piece of Aunt Sadie's ribbon (as used in wrapping the candles at the retail store)
6. Sales order data from customer "Oceana," specifically, the two orders prior to March 31, 2005, and all subsequent orders placed by Oceana

Viiu Niiler/Country Glass
1. Sales numbers for the retail store, showing both total sales and sales of the disputed suncatcher or closest approximation (1998-2005)
2. Total wholesale Country Glass sales (and percentage of sales attributable to the disputed suncatcher or closest approximation) for 2000-01
3. Copies of the Country Glass sticky label, the card Country Glass sent with its products to wholesalers (preferably one that is representative of the kind sent with the suncatchers), and the MFA card sent to purchasers of Country Glass suncatchers
4. Any additional advertising of the suncatchers
5. Name of Ms. Niiler's contact at the store "Potted Geranium," and the town in Maine which is the location of the store "Craftworks"

LIT 1552940v.1

## Heim, Carrie Kei

| | |
|---|---|
| **From:** | josephassociates@comcast.net |
| **Sent:** | Thursday, December 15, 2005 11:57 AM |
| **To:** | Heim, Carrie Kei |
| **Subject:** | Re: Knight v. CTS |
| **Attachments:** | Knight v. CTS |

As I mentioned to Peter, I am in California for a hearing tomorrow morning. I will get you the documents when I return on Monday.

> -------------- Original message --------------
> From: "Heim, Carrie Kei" <ckheim@mintz.com>
> Joel,
>
> We are writing to notify you that, per Local Rule 7.1(a)(2), and as we warned in our discussion of last week, we will file a motion to compel documents from plaintiffs because we still have not received the documents we requested at depositions more than a month ago and which you promised to provide to us no later than December 13, 2005 (yesterday). The letter we sent you last week summarizing the history of our requests, and the requests themselves, are attached hereto.
>
> Additionally, we still have not received the "many cases" you referenced in your letter of December 2, 2005 and promised to send to us. We would like to share with you the attached case, however, in which the Federal Circuit reversed a jury's verdict in favor of the plaintiff, holding that the substantial evidence did not support a finding of secondary meaning in the minds of consumers. The Supreme Court denied *certiorari* on this case, so this recent ruling again confirms our grounds, when appropriate, to recover attorneys' fees and costs from you and your clients pursuant to Fed. R. Civ. P. 11(b) and (c).
>
> We continue to look forward to receipt of the promised cases. Thank you.
>
> Carrie
>
> -----------------------------------------------------------
> Carrie Kei Heim
> Mintz Levin Cohn Ferris Glovsky & Popeo PC
> One Financial Center, 46th Floor
> Boston, MA 02111
> Direct dial: (617) 348-3084
> Fax: (617) 542-2241
>
>
> -----------------------------------------------------------
>
> IRS CIRCULAR 230 NOTICE
>
> In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of

avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

Carrie Kei Heim | 617 348 3084 | ckheim@mintz.com

By Fax and Mail

December 20, 2005

Joel D. Joseph, Esq.
Joseph & Associates
7272 Wisconsin Avenue
Suite 300
Bethesda, MD 20814

**Re: John Knight et al. v. Christmas Tree Shops, Inc. 04-12698**

Dear Joel:

Enclosed please find documents Bates-stamped CTS0348-355. This is a true color copy of the original advertising flyer, part of which was attached in black-and-white, to Exhibit 4 at our 30(b)(6) deposition of Gary Briggs, representing Aunt Sadie's, Inc. (See CTS0338 for black-and-white copy.)

The "8 oz. Candle Tins" are shown at CTS0350, and to the best of our reading, the labels on these products appear to read "Happy Birthday to You," "Bahama Mama," "It's a Boy," "It's a Girl," and "Sea Breeze."

Finally, pursuant to Local Rule 7.1(a)(2), I write again to confirm that you have failed to produce requested documents to us by December 13, 2005. We informed you on December 14, 2005, that, as we discussed, we had to assume from the lack of documents that you were, in fact, refusing to produce them, and we would go forward with our motion to compel. You wrote back on December 15, 2005, to tell us that you had been out of town and would send the documents upon your return, on Monday, December 19, 2005.

We will once again give you the benefit of the doubt, and will wait until the close of business today for receipt of these documents. If we do not receive them, it will be clear that you are refusing to produce them, and we will file our motion to compel.

Thank you,

Carrie Kei Heim

Encl.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Joel D. Joseph, Esq.
December 20, 2005
Page 2


cc:    Peter A. Biagetti, Esq.
       Kenneth Bradley, Esq.




LIT 1554555v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, COUNTRY GLASS SHOP, AUNT SADIES, INC., AND SUSAN BOERMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>    Defendant. | Case No. 04 12698 JLT |

## ORDER

It is hereby ORDERED that the Defendant's Motion to Compel Production of Documents is ALLOWED. The plaintiffs will produce the following additional responsive documents within 10 days of the date of this order:

<u>As to the plaintiff Knights</u>:

1. Any copies of Glass Eye Gallery advertising from <u>The Cape Cod Voice</u> or <u>The Cape Codder</u>, and any advertising placed with the Chambers of Commerce of Eastham and Wellfleet/Orleans in 2003 and 2004 (or a representative sample of such ads); and

2. Tax returns (redacted as necessary) sufficient to show gross income to the Knights from the Glass Eye Gallery for 2001 through 2004.

<u>As to plaintiff Aunt Sadie's</u>:

1. An Aunt Sadie's price sticker (preferably one that is representative of those used on the candles at issue);

2. Sales data for the Apple Pie candle (for 2001 and 2002) and the Happy Birthday candle (for 2002);

3. Net profit data for each of the four candles at issue (Apple Pie, It's a Boy, It's a Girl, Happy Birthday) for the years that each has been produced and sold;

4. A copy of the postcard advertising the Apple Pie candle, and copies of any other advertising that included the four candles at issue;

5. A piece of the Aunt Sadie's ribbon used in wrapping the candles at its retail store; and

6. Sales orders from customer "Oceana," including the two orders placed prior to March 31, 2005 and all subsequent orders placed by Oceana.

<u>As to plaintiffs Niiler, Cole and Country Glass Shop</u>:

1. Sales data for their retail store, showing both total sales and sales of the suncatcher at issue or its closest approximation, for 1998 through 2005;

2. Wholesale sales data, showing total sales and percentage of sales attributable to the suncatcher at issue or its closest approximation, for 2000 and 2001;

3. Copies of the Country Glass Shop sticky label, the card Country Glass Shop sent with its products to wholesalers (preferably one that is representative of the kind sent with the suncatchers at issue), and the Museum of Fine Arts card sent to purchasers of Country Glass Shop suncatchers;

4. Any advertising of the suncatchers at issue not already produced; and

5. Documents showing the name of plaintiff Niiler's contact at "The Potted Geranium," and the town in Maine in which "Craftworks" is located.

IT IS SO ORDERED.

-3-

_____, J.
United States District Judge

Date: _____

LIT 1554716v.1