IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, DONNA RUSSELL KNIGHT, CHARLES COLE, VIIU NIILER, COUNTRY GLASS SHOP, AUNT SADIES, INC., AND SUSAN BOERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTMAS TREE SHOPS, INC.<br><br>Defendant. | Case No. 04 12698 JLT |

## AFFIDAVIT OF CHARLES BILEZIKIAN

I, Charles Bilezikian, do hereby depose and say under oath as follows:

1. I am the Chief Executive Officer of Christmas Tree Shops, Inc. ("CTS"). I reside in Yarmouthport, Massachusetts.

2. As part of my duties, I make two annual business trips to Hong Kong, China and/or Thailand, primarily to meet with vendors and prospective vendors, inspect their factories and review their product assortments. For at least the past ten years, I have scheduled one of my annual business trips for the month of January, when many CTS buyers are also in Asia visiting current and/or prospective vendors. In addition to visiting with vendors and factories with whom I have made appointments, I accompany these CTS buyers on appointments they have made. This January trip is extremely important to the company because it is the beginning of the process for the selection of merchandise for the Christmas 2006 season -- the most important selling season for CTS.

3.      I am currently in Hong Kong on one such trip, the first leg of which began on December 27, 2005, when I flew to California for the New Year's holiday. I flew to Hong Kong directly from California on January 3, 2006 and my business trip will end when I depart Bangkok on February 1, 2006. My itinerary is a full one, including multiple daily appointments with vendors spread across 11 stops in Hong Kong, China and Thailand.

4.      Travel arrangements for departure were finalized on November 9, 2005. Appointments during my business trip, including appointments I had made and appointments by various buyers I planned on accompanying on their visits, were made during November and early December, 2005. As a result, when CTS's attorneys in this case advised that my deposition had been ordered, I immediately cleared as much as possible from my schedule to accommodate a day of deposition sometime before my December 27 departure. I freed up both December 16 and December 22, 2005, and also agreed to be deposed by telephone if that would better accommodate all parties. I understand that those dates were promptly relayed to, and rejected by, plaintiffs' counsel.

5.      CTS attorneys have briefed me on the claims and products currently at issue in this case. I know nothing about the design, manufacture, sale, advertising, or profitability of the products at issue.

Signed, under the pains and penalties of perjury, this 7th day of January, 2006.

_____
Charles Bilezikian

LIT 1556017v.4

-2-