**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                      )
JOHN KNIGHT, DONNA RUSSELL                )
KNIGHT d/b/a THE GLASS EYE                  )
GALLERY, CHARLES COLE, VIIU                 )
NIILER, COUNTRY GLASS SHOP,                )
AUNT SADIE'S, INC., AND SUSAN              )
BOERMAN,                                             )
                                                      )
            Plaintiffs,                               )            **Case No. 04 12698 JLT**
                                                      )
v.                                                       )
                                                      )
CHRISTMAS TREE SHOPS, INC.,                )
                                                      )
            Defendant.                               )
_____)

## DEFENDANT CHRISTMAS TREE SHOPS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rules 56.1 and 7.1, and in accordance with this Court's Order of February 7, 2006, defendant Christmas Tree Shops, Inc. ("CTS") respectfully moves for summary judgment on the remaining counts of plaintiffs' Amended Complaint -- Count One (trade dress), Count Two (unfair competition) and Count Six (for declaratory and injunctive relief).

Plaintiffs allege that CTS improperly copied their products. For plaintiffs' products to be protected under the Lanham Act, plaintiffs must prove that their products have a *protectible* trade dress, such that the primary purpose of the products is to *identify the plaintiffs as the source of their products*, rather than simply to be desirable or marketable. To this end, plaintiffs must show that their products are: (i) used in commerce, (ii) non-functional, and (iii) distinctive (have acquired secondary meaning). In addition, plaintiffs must prove that CTS *infringed* any protectible rights by creating a likelihood of confusion among consumers as to the source of

CTS's alleged "copies." On the undisputed record, each plaintiff has failed to adduce enough evidence to permit a reasonable trier of fact to find in plaintiffs' favor on two or more of these essential elements:

(1)    Plaintiffs John Knight and Donna Russell Knight d/b/a The Glass Eye Gallery have failed to show that any reasonable trier of fact could find (i) that their wall sconce acquired secondary meaning, or (ii) that a likelihood of confusion exists as to the source of the allegedly infringing CTS product;

(2)    Plaintiffs Charles Cole, Viiu Niiler, and Country Glass Shop have failed to show that any reasonable trier of fact could find (i) that the claimed trade dress elements in their sun catcher acquired secondary meaning, (ii) that these elements are non-functional, or (iii) that a likelihood of confusion exists;

(3)    Plaintiff Aunt Sadie's, Inc. has failed to show that any reasonable trier of fact could find (i) secondary meaning, (ii) non-functionality, or (iii) any likelihood of confusion.

(4)    Plaintiff Susan Boerman has failed to show that any reasonable trier of fact could find (i) that any trade dress exists in her book, It's Great to Create, (ii) that her plaques were "used in commerce," (iii) that either her book or her plaque designs have acquired secondary meaning, or (iv) that any likelihood of confusion exists.

Plaintiffs' claims of unfair competition and for declaratory and injunctive relief fail for substantially the same reasons -- no plaintiff can show that a reasonable trier of fact could find a likelihood of confusion as to the source of the CTS products. For the above-stated reasons, and as fully established in CTS' accompanying Memorandum in Support of Motion for Summary Judgment and Consolidated Statement of Facts, this Court should enter summary judgment in favor of CTS on all remaining counts.

## REQUEST FOR ORAL ARGUMENT

CTS believes that oral argument will assist the Court, and accordingly requests oral argument on its Motion for Summary Judgment.

Respectfully submitted,

**CHRISTMAS TREE SHOPS, INC.**

By its attorneys:

____/s/  Carrie Kei Heim_____
Peter A. Biagetti, Esq., BBO# 042310
Carrie Kei Heim, Esq., BBO# 652147
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO, PC
One Financial Center
Boston, MA  02111
Tel. 617-542-6000
Fax 617-542-2241

Dated: May 15, 2006

LIT 1572478v.3