UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN KNIGHT, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 04-12698 JLT |
| | ) |
| CHRISTMAS TREE SHOPS, INC. | ) |
| | ) |
| Defendant | ) |

## PLAINTIFFS' PRETRIAL STATUS REPORT

### Introduction

There are four groups of plaintiffs in this case. The parties have negotiated settlements for two of them (Susan Boerman and Aunt Sadie's, Inc.). The parties will file stipulations regarding dismissal of the settled claims in approximately one week. The parties have agreed to conduct a mediation to attempt in good faith the settle the remaining claims. This mediation will be conducted during August of this year.

### 1. Summary of Plaintiffs' Evidence

### GLASS EYE, THE GLASS EYE SCONCE AND THE CTS WALL VASE

1. The Christmas Tree Shops purchased a wall sconce from The Glass Eye, and sent it to Briwell in China to have it copied and 24,000 copies were made, most of which were sold. Deposition of Carolyn Cummings at 38, 45, 46, 50, 53.

2. The trade dress elements of the Glass Eye sconce are not functional. The sconce is made of three pieces of glass of specific shapes. These shapes are not functional. The pattern on the metal that holds the glass together is not functional. The size of the glass pieces have no relationship to function.

1

3. The Christmas Tree Shops wall sconce is virtually identical to the Glass Eye wall sconce. Carolyn Cummings, on behalf on Christmas Tree Shops, testified that they are very similar. Deposition at 37.

4. Most customers of the Glass Eye also shop at Christmas Tree Shops. Report of the Survey of The Glass Eye. Survey forms from customers.

5. Most of the customers of the Glass Eye know the wall sconce to be made by the Glass Eye, saw a similar sconce at Christmas Tree Shops and were confused as to the source of the Christmas Tree Shops' wall sconce.

6. John Knight has been making the wall sconce for 14 years and is well-known for it. Report of Glass Eye Survey and Deposition of John Knight at 18, 19, 28, 34, 35, 40, 43, 47, 48.

7. The Glass Eye wall sconce has acquired secondary meaning.

8. The Christmas Tree Shops wall sconce is inferior to the Glass Eye wall sconce and has harmed Glass Eye's reputation and income as a result.

9. Damages suffered by Glass Eye, John Knight and Donna Knight are $720,000 (24,000 units times $30) in lost sales and $100,000 injury to reputation. Plaintiffs are seeking treble damages under the Massachusetts Unfair Competition Law. Three times actual damages equals $2.46 million.

## COUNTRY GLASS SUNCATCHER

1. The Christmas Tree Shops purchased a Country Glass suncatcher from The Glass Eye, sent it to Zibo Anto Glass in China to have it copied and that 4,800 copies were made and most of them were sold. Deposition of Carolyn Cummings at 45, 46, 47, 50, 53.

2. The Christmas Tree Shops suncatcher is virtually identical to the Country Glass suncatcher. Plaintiffs ask that the court review the actual products and compare them.

3. Hill's of Nantucket has been selling the glass art of Chet Cole and Viiu Niiler, Country Glass, for twenty-five years. Affidavit of Judy Hill at paragraph 6.

4. The glass art created by Chet Cole and Viiu Niiler is unique in the industry. Affidavit of Judy Hill at paragraph 7.

5. Retailers recognize the style of Chet Cole and Viiu Niiler and can identify the source of work created by them, as can any person who has been in the glass business for several years. Affidavit of Judy Hill at paragraph 8.

6. The Christmas Tree Shops Nantucket Basket suncatcher is virtually identical to the Country Glass suncatcher designed and made by Viiu Niiler and Charles Cole.

7. The Country Glass Nantucket Basket suncatcher has acquired secondary meaning.

8. The Christmas Tree Shops Nantucket Basket suncatcher is inferior to the Country Glass Nantucket Basket suncatcher and has harmed Country Glass's reputation and income as a result.

9. Damages suffered by Country Glass are $110,160 in lost sales (4,800 units times $22.95) and $100,000 injury to reputation. Plaintiffs are seeking treble damages under the Massachusetts Unfair Competition Law. Three times $210,160 equals $630,480.

## UNFAIR COMPETITION FOR ALL PLAINTIFFS

1. It is morally wrong to copy the designs of artists. Deposition of Charles Bilezikian, dated February 7, 2006 at page 20. Mr. Bilezikian is the Chief Executive Officer of Christmas Tree Shops.

## ATTORNEYS FEES AND COURT COSTS

1. Plaintiffs seek reasonable attorneys fees and court costs.

2. **Facts Established by Pleadings or Stipulations or Admissions of Counsel**

   The parties have not yet stipulated to facts, but intend to do so before trial.

3. **Contested Issues of Fact**

   Defendant contests whether plaintiffs have established secondary meaning under the Lanham Act and the amount of damages.

4. **Jurisdictional Questions.**

   There are no jurisdictional questions.

5. **Questions Raised by Pending Motions**

   There are no questions raised by pending motions.

6. **Issues of Law.**

   The issues of law have been brief on the motion for summary judgment and the motion to strike the consumer survey.

7. **Amendments to the Pleadings.**

   No amendments are sought at this time.

8. **Any addition matters.**

   There are no additional matters.

9. **Probable Length of Trial.**

   Plaintiffs estimate that the trial will take one week.

10. **Names of Witnesses.**

1. John Knight

2. Donna Russell Knight

3. Charles Cole

4. Viiu Niiler

5. Christine Hildreth

6. Greg Bilezikian

7. Charles Bilezikian

8. Doreen Bilezikian

9. Deborah Watts

10. Janice LaLiberty

11. Carolyn Cummings

12. Anne Neary

13. Judith Cannon

14. J.R. French III

15. Susan Cochran

16. Sarah E. Wilcox

17. Joyce Ebarhue

18. Janet Brennan

19. Laurie Sexton

20. Nancy Stefani

21. Judith H. Buffington

22. Linda Antinarelli

23. Eleanora Potts

24. Reed Martin

25. Donna James

26. Faith Casarella

27. Judi Hill

28. Vincent Mitchell

29. Stephanie Luty

30. Jeff Allen

31. Judith Evergreen

32. All witnesses on defendant's witness list.

33. Rebuttal witnesses.

**11. Proposed Exhibits.**

1. Glass Eye Wall Sconce

2. Christmas Tree Shops Wall Sconce

3. Country Glass Nantucket Basket Eye Catcher

4. Christmas Tree Shops Nantucket Basket Eye Catcher

5. GE 1-40

6. CG 1-19

7. Report of Glass Eye Consumer Survey

8. Glass Eye Consumer Survey Forms (filled out)

9. Deposition of Viiu Niiler

10. Deposition of John Knight

11. Deposition of Christine Hildreth

12. Deposition of Greg Bilezikian

13. Deposition of Charles Bilezikian

14. Deposition of Deborah Watts

15. Deposition of Janice LaLiberty

16. Deposition of Carolyn Cummings

17. Deposition of Anne Neary

18. Affidavit of Judi Hill

19. A drawing and photo of the "sconce" described at paragraph 20 of the Amended Complaint (hereinafter "Glass Eye Sconce"), produced by Plaintiffs John Knight and Donna Russell Knight d/b/a The Glass Eye Gallery (collectively "Glass Eye") in response to CTS's requests for production of documents.

20. Sales numbers for the Glass Eye Sconce produced by Glass Eye in response to CTS's requests for production of documents.

21. Glass Eye Gallery advertising produced by Glass Eye in response to CTS's requests for production of documents.

22. The Glass Eye logo and product labels produced by Glass Eye in response to CTS's requests for production of documents.

23. Sales records for the allegedly infringing CTS "wall vase," kept by CTS in the usual course of its business and produced by CTS in response to Plaintiffs' requests for production of documents.

24. Photo of the "grape plate" described at paragraph 21 of the Amended Complaint (hereinafter "Country Glass Sun Catcher"), produced by Plaintiffs Charles Cole, Viiu Niiler and Country Glass Shop (collectively "Country Glass") in response to CTS's requests for production of documents.

25. Sales numbers for the Country Glass Sun Catcher produced by Country Glass in response to CTS's requests for production of documents.

26. Museum of Fine Arts catalog pages containing images of Country Glass products produced by Country Glass in response to CTS's requests for production of documents.

27. The Country Glass logo and product labels produced by Country Glass in response to CTS's requests for production of documents.

28. Photos of the allegedly infringing CTS "basket plate hanger," kept by CTS in the usual course of its business and produced by CTS in response to Plaintiffs' requests for production of documents.

29. Sales records for the CTS basket plate, kept by CTS in the usual course of its business and produced by CTS in response to Plaintiffs' requests for production of documents.

30. Defendant's invoices, purchase orders and samples of products labeled by CTS as documents CTS0085, CTS0010, CTS0057, CTS0101, CTS0102, CTS 0103, CTS0104, CTS0275,

31. Defendant's Intellectual Property Obligations, CTS 0336.

32. Chart of Glass Eye/John Knight/Donna Knight Damages

33. Chart of Country Glass/Viiu Niiler/Charles Cole Damages

34. All exhibits on defendant's exhibit list.

35. Rebuttal exhibits.

/s/ Daniel Chaika

DANIEL CHAIKA
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, RI
(401) 941-5070

/s/ Joel D. Joseph

JOEL D. JOSEPH
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814

8

(301) 941-1989
Attorneys for Plaintiffs

Case 1:04-cv-12698-JLT    Document 59    Filed 07/24/2006    Page 9 of 9